BYRNES, Judge.
This is an appeal from a trial court ruling dismissing appellants’ petition for a Declaratory Judgment recognizing them as owners of certain certificates of deposit because of the failure of appellant to produce a photocopy of the donation inter vivos conveying ownership of the certificates of deposit. For the reasons below we reverse the lower court with instructions to proceed with the Declaratory Judgment rule using the certified copy of the donation inter vi-vos as presented by appellants rather than the original donation inter vivos or photocopy thereof as originally ordered by the trial court.
*1014 The issues presented on appeal, as seen by this court, are but two. The first issue presented is whether a duly certified and authenticated copy of a foreign notarial act will serve as the best evidence when the original act or photostat thereof cannot be produced. The second issue arises from the first: where there exist allegations of forgery and other improprieties pertaining to the form of the instrument itself and relating to the characteristics of the original document, is the burden on the appellants to produce the original instrument, or photocopy thereof, or is the burden placed on the party who alleges fraud, forgery and other improprieties which go to the very heart of the document?
The certified and authenticated copy of the donation inter vivos was presented to the trial court attached to a letter signed by the American Counsel for Honduras, which stated that full faith and credit was due the attached donation. We are of the opinion this satisfies the requirements of La.R.S. 35:551 et seq., and therefore we accept the donation as having full force and effect of an authentic act executed in this state.
It is this court’s appreciation that the laws of the Republic of Honduras,[1] the country in which the donation inter vivos was executed, provide that the original instrument of donation is retained by the Notary in his “Protocol” (essentially the Notary’s record). Article 55 of the Notarial Code of Honduras provides that the Ap-pearer, in this case, Velasquez-Bain, is entitled to what is known as “first copy” of the instrument, otherwise known as “testimo-nio”. The first copy is not a carbon or a photocopy, rather it is transferred from the original, either in longhand or typed out, and on which no actual signature appears except that of the acting Notary who indicated thereon whether it is first copy or a second copy, etc. This court further notes that the Honduras Code of Procedure does not permit the introduction into evidence of photostatic or carbon copies as proof of the public instrument. Further, under Honduras law, a certified copy is obtained under the form of testimonio and said form constitutes a public instrument. Testimony indicates that the copy of the donation inter vivos presented to the trial court is of the kind usually generated by transactions such as this donation, much the same as photocopies are generated pursuant to notarial acts perfected in Louisiana. The court takes cognizance of certification executed by two Honduran notaries[2] whereby they translate certain provisions of the Honduran Notarial Code. The following provisions are germaine to our decision and we include them herein:
“Article Number 1., The Notarial Profession is an Institution of the State that guarantees the security and perpetual guardianship of the official acts and of the contracts and dispositions between living persons or for cause of death. Article Number 11., The Notaries are responsible for the integrity and conservation of the Protocols and they will keep them with the diligence that corresponds to the confidence that the public places in them. If the Protocols were deteriorated or lost for lack of diligence of the Notaries, he will replace them at his expense, remaining liable to the payment of the damages caused to those interested, without detriment to his other legal responsibilities.
Article Number 13. PROTOCOL is the orderly collection of the original instrument authorized by the Notary and of the diligences and documents that he records during the year. The Protocol will be composed of one or more binded volumes, numbered and with all the other requisites established in this law.
Article Number 14., When the original instruments, certified copies of these and all other notarial acts there appear signs of criminal acts, the Judge or respective Tribunal, will, by own motion or by order, examine the corresponding instruments *1015 and will order or cause to be ordered, in accordance with the facts, the steps he estimates pertinent for the proof of the facts, without permitting the separation of the original document from the volume.
Article Number 15., The Notaries will not permit that any document under their custody to be taken out of the archives, for reason of their ministry.
Article Number 18., On the last day of February of each year, at the latest, the Notaries shall send to the Supreme Court of Justice, certified copies authorized in legal form, of all the public instruments contained in the Protocol of the preceding year. These certified copies shall be presented on second-class sealed paper, without the tax stamps.
Article Number 19., The Protocols must be kept with due care and only those interested in one or more instruments will be able to become aware of their contents, in the presence of the Notary. The Protocols can also be examined by orders of the competent Judge or Tribunal for comparisons, handwriting examinations, signature confrontations and other analogous purposes.
Article Number 33., The original instrument is the one concerning the Act of Contract submitted to his authorization, signed by the appearers and witnesses that know how and can, sign and signed and sealed by the Notary.
OF THE COPIES THAT CONSTITUTE PUBLIC INSTRUMENTS
Article Number 55., First copy is the one taken from the original instrument that the grantors have a right to obtain for the first time.
Article Number 57., Only the Notary or functionary legally in charge of the Protocol will give copy.
Article Number 65., In the case of loss of the Protocol or that the Notary takes it out of the Republic the certified copies to which Article 18 refers, extended by the Secretary of the Supreme Court of Justice, under previous order or the Tribunal, will have the same force as if it had been taken from the Protocol.
Article Number 79., The inutility or loss of one or more Protocols can be denounced by capable persons for the effect; and if the denunciation is done before the Notary notifies the respective Judge, the corresponding criminal procedure will be initiated against the Notary, he then being compelled to prove his lack of fault. If he does not vindicate himself, the Notary will suffer the penalties for infidelity on the custody of documents that is indicated in the Criminal Code.”
As to proof of the master draft, protocol or original records when such records have disappeared cannot be obtained, Article 1502 of the Honduras Civil Code provides that:
“Article 1502 — When the master draft, Protocol, or original records have disappeared or cannot be obtained, proof shall be made by:
1st. The first copies, made by the public official who authorized them;
2nd. Subsequent copies, issued by judicial order, with a list of the interested parties.
3rd. Those copies which have been made without judicial order in the presence and with the consent of the interested parties. In the absence of the above-mentioned copies, proof shall be made by any other copies which have an age of twenty or more years, provided they have been taken from the original by the official who authorized them or other persons entrusted with their custody.
Copies of the lesser age, or which have been authorized by a public official in whom the circumstances mentioned in the foregoing paragraph are not met, shall serve as a written presumption of proof. The probative effect of copies of a copy shall be considered by the courts according to the circumstances.”
It is this court’s understanding of the laws of Honduras as above quoted, that the certified first copy of the donation inter vivos presented to the trial court Judge is acceptable as proof of a public document. We therefore find under the laws of Hon *1016 duras as applied to this ease, the trial court Judge erred in not accepting as best evidence the certified copy of the donation inter vivos as presented.
The second issue presented this court, that of the alleged forgery of the donation inter vivos, is now dealt with. LSA-C.C. Art. 2236 states:
“An authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it is declared and proved a forgery.”
The latest pronouncement of the courts pertaining to the burden of proof in cases of alleged forgeries comes in Coleman v. Egle, 376 So.2d 983 (La.App. 1st Cir. 1979), Writ denied 379 So.2d 15 (La.1980) whereby the court stated that the burden of proof of a forgery falls squarely on he who alleges the forgery.
Louisiana jurisprudence, together with the above quoted codal provision, clearly establishes that in the absence of forgery an authentic act is full proof of itself and that a person denying the validity of his signature or the signature of the person from whom he derives his claim, on the notarized instrument bears the burden of proof that the signature is a forgery.
It is, therefore, the finding of this court that if in the course of the Declaratory Judgment rule to be heard by the lower court, allegations of fraud and forgery do indeed present themselves, it is up to the parties alleging the forgery to prove by whatever means necessary the existence of the allegations, since the certified and authenticated copy as presented, absent such allegations, is sufficient proof of the existence of the donation inter vivos.
We therefore remand this case to the lower court with instructions to commence Declaratory Judgment proceedings not inconsistent with the views herein expressed.
All costs of this appeal are to be assessed to appellees.
REVERSED AND REMANDED.
BARRY, J., concurs with reasons.

. Following the mandate of the Civil Code Article 10, we use Honduras law.

. Said certifications have been authenticated by the American Consul pursuant to La.R.S. 35:551 et seq.