560 So.2d 887 (1990)
Terri Ann EYMARD, et al.
v.
Mary Jane TERREBONNE, et al.
No. 89 CA 0169.
Court of Appeal of Louisiana, First Circuit.
April 10, 1990.
Rehearing Denied June 6, 1990.
*888 Donald F. Harang, Jr., Larose, for plaintiff-appellee, Terri Ann Eymard, on behalf of minor Kelsey Matthews Eymard.
Joel Hanberry, Cut Off, for defendantappellant, Mary Jane Terrebonne, on behalf of interdict, Chris M. Terrebonne.
Before COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
Terri Ann Eymard, natural tutrix of the minor child, Kelsey Matthews Eymard (plaintiff), brought suit against Mary Jane Terrebonne (defendant), curatrix of Chris M. Terrebonne (Chris), alleging that Chris had signed a formal acknowledgment of paternity of Kelsey on November 21, 1978. Plaintiff further alleged that Chris had signed an "Agreement to Pay Support" at the same time. She prayed for judgment declaring Chris to be the father of the minor child. Plaintiff later amended her petition to ask only for child support, medical payments, and reasonable visitation rights.
Defendant answered, alleging as a defense that Chris' signatures on the documents were either forgeries or obtained through duress. At trial, without objection, defendant also argued that although the Acknowledgment of Paternity was in authentic form, it was not executed in strict compliance with the requirements of Civil Code article 1833 and was invalid.
The trial court rendered judgment for plaintiff. It held that the burden of proof was on defendant to prove duress, and it found no credible evidence which would constitute proof of same. It also found that defendant failed to carry her burden of proof to rebut the presumption of validity of the Acknowledgment of Paternity. Defendant has appealed.
Defendant argues that the presumption of validity of the Acknowledgment of Paternity was rebutted at trial and that the burden then shifted to plaintiff to prove its validity. She further argues, in support of the duress defense, that because of Chris' subjective characteristics, certain threats made to him allegedly by members of plaintiff's family constituted duress sufficient to vitiate his consent to the acknowledgment.
Chris was eighteen years old when he signed the documents in question. Terri Ann Eymard was sixteen years old. Chris had previously spent time at Louisiana Training Institute in Baker, Louisiana, for theft of a boat; he had a seventh grade education, and he had rarely left the bayou where he lived, working primarily in the fishing industry with his father and uncles. On March 22, 1979, some four months after Kelsey's birth, Chris was the victim of a catastrophic automobile accident which left him in a comatose state from which he has *889 never emerged. His mother was confirmed as his provisional curatrix in 1981, and she administers his estate, consisting of $300,000.00 received as compensation for injuries received in the automobile accident. He requires around-the-clock care and lives at home with his parents.
Defendant presented testimony at trial from Bobby Cantrelle, a witness on both documents and a friend of Chris', and from Darlene Allemand, Chris' sister. Cantrelle testified that Chris received a phone call at his apartment; that Chris asked him for a ride to the Lafourche Parish courthouse; that when they arrived at the courthouse Chris went into the sheriff's office while he waited outside; that Chris came out and told him he needed a witness, so he went into the sheriff's office and signed a paper at a desk where Chris and one other man were sitting; that he saw nobody else sign the paper, either before or after he signed. After they left the courthouse, Cantrelle testified that Chris told him he was getting "a bunch of flak from the other end," meaning Terri's parents; that they were "threatening to get him locked up and put back in jail"; and that Terri's mother told him that she wanted him to acknowledge paternity and that she could have him put in jail because her daughter was under age.
Defendant also called Harold Soignet as a witness. Soignet's name appeared in the documents at issue as notary public. He testified that in November 1978 he was an In-Take Officer with the Department of Health and Human Resources; that he handled the case of Kelsey Eymard and Chris; that according to his file, his office received a call from Kelsey's grandmother, who came in with her daughter Terri Eymard; that after he questioned them, he was satisfied that Chris was the father; that he wrote Chris asking him to come to the office on November 21, 1978; that he recalled no conversations that took place between him and Chris or anyone else at the time the documents were executed, nor how he handled this acknowledgment particularly, but that in every case it was his practice to go outside and get two witnesses to witness a signature.
We agree with the trial court that defendant did not carry her burden of proving that the signature of Chris Terrebonne on the Acknowledgment of Paternity was a forgery or obtained through duress. We also agree that insufficient evidence was adduced to attack the authentic act, which is facially valid.
Civil Code article 203 requires that the acknowledgment of an illegitimate child be made before two witnesses and a notary public. Similarly, this is the definition of an authentic act under Civil Code article 1833. Civil Code article 1835 provides that an authentic act constitutes full proof of the agreement it contains, as against the parties, their heirs, and successors by universal or particular title. In the absence of convincing proof to the contrary, the validity of the instrument as an authentic act is sustained. Pierre v. Donaldsonville Motor Co, 22 So.2d 291 (La. App.Orl.Cir.1945). Either attack on the instrument, that the signature of Chris was a forgery or obtained through duress, or that the instrument was not executed before a notary and two witnesses, must be supported by convincing proof because the instrument is presumed to be valid. The burden of proof is on defendant as the party attacking the authenticity of the signature. Eschete v. Kraemer, 129 So.2d 475 (La.App. 1st Cir.1961).
Here, the only proof of duress was offered by Allemand and Cantrelle who testified that Chris said he was getting "flak" from Terri Eymard's family and that he was told he would have to go back to jail if he did not acknowledge paternity. Soignet testified that he made no threats to Chris, and Mrs. Beverly Eymard, called as a rebuttal witness by plaintiff, likewise testified that she made no threats to Chris.
We also note that Civil Code article 1962 provides that a threat of doing a lawful act, or a threat of exercising a right, does not constitute duress. Defendant alleged that Chris was afraid he might be sent to prison; however, the Eymards had the legal right to charge him either with criminal neglect of family or carnal knowledge of a juvenile, and thus any fear based on threats of prison would not constitute duress sufficient to invalidate Chris' consent.
*890 We acknowledge defendant's argument that duress is to be considered in light of subjective characteristics of the person whose consent is challenged; however, according to Civil Code article 1959, the fear must be "reasonable" and of "unjust" injury. Thus, there is an objective as well as a subjective component of duress. Lewis v. Lewis, 387 So.2d 1206 (La.App. 1st Cir. 1980). In any event, there is insufficient evidence in the record of any threats made to Chris to conclude that he was induced to sign an acknowledgment of paternity against his will.[1]
As to defendant's attack on the authenticity of the Act of Acknowledgment,[2] we also agree with the trial court that defendant failed to carry her burden of proof. The only evidence defendant produced in support of this argument was the testimony of Cantrelle that he signed as a witness in the presence of one unidentified man and Chris. Soignet, on the other hand, testified that it was his practice always to obtain two witnesses before notarizing a signature. The trial court in its reasons for judgment stated that even if it gave equal weight to both witnesses, defendant's evidence only concerned one document, and thus failed to rebut the presumption that both documents were valid because executed before a notary and two witnesses.
The judgment of the trial court granting child support in the amount of $200.00 per month is not clearly wrong and is affirmed. Costs of this appeal are taxed to defendant.
AFFIRMED.
NOTES
[1] The plaintiff's amended petition effectively deletes any claim for a declaration as to the paternity of Chris Terrebonne. Defendant argues on appeal that the trial court erroneously considered testimony that Chris never denied paternity in its decision that no duress was present. We consider this argument to be without merit because it is clear from the trial court's reasons for judgment that Chris' failure to deny paternity was only one factor it relied upon in reaching its decision.
[2] Cantrelle testified only as to the circumstances surrounding his signature on one document, although he acknowledged his signature on both the Acknowledgment of Paternity and the Agreement to Pay Child Support. This defense was only raised at trial, and it is unclear whether only one document, or both, is challenged as to authenticity.