**NAMAS NOOR SDN BHD**

v.

**Carlyle WILLIAMS and Betty Z. Thompson Williams.**

**No. Civ.A. 99–269–B–M2.**

United States District Court, M.D. Louisiana.

Sept. 18, 2000.

---

James J. Brady, Gordon, Arata, McCollam & Duplantis, Baton Rouge, LA, Denis C. Swords, Samuel E. Masur, Gordon, Arata, McCollam & Duplantis, Lafayette, LA, for Namas Noor Sdn Bhd, plaintiff.

David Keith Johnson, Paul Damas Buffone, Thomas C. Williams, Louisiana Workers' Compensation Corp, Baton Rouge, LA, for Carlyle Williams, defendant.

1. *See* Defendants' Memorandum in Opposition to Namas Noor's Motion for Summary Judgment, pg. 7.

2. The defendants argue that both the travel expenses and the credit card bills were paid by Amsito Oilwell Services, not Namas Noor. Namas Noor is simply a shareholder of Amsi-

## RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

POLOZOLA, Chief Judge.

This matter is before the Court on the plaintiff's motion for summary judgment. For the reasons which follow, the plaintiff's motion is denied.

### Facts

The defendant, Carlyle Williams, was employed by the plaintiff, Namas Noor Sdn Bhd ("Namas Noor"). The plaintiff filed this suit against Williams, and his wife, Betty Z. Thompson Williams, to recover $165,994.00 plus interest and costs for a loan, credit card charges and business advances given to the defendants, which remain unpaid. The plaintiff has now filed a motion for summary judgment. In support of it's motion, Namas Noor presents an Acknowledgment of Debt, purportedly signed by Carlyle Williams, on December 17, 1998, in authentic form. Plaintiff contends that the defendant acknowledges a debt of $192,840.00 owed by Carlyle Williams to Namas Noor in this document.

In opposition to the plaintiff's motion, the defendants assert several defenses. First, they argue that the initial $100,000 loan was repaid in accordance with the agreement between the parties when Namas Noor withheld Mr. Williams' employment bonuses for the years of 1997 and 1998.[1] Second, the defendants dispute the amount of the debt owed for the business expense advances and credit card bills, as well as the right of the plaintiff, Namas Noor to collect such debts, if owed.[2] Finally, the defendants argue that the Acknowledgment of Debt was not signed by Carlyle Williams.

to Oilwell Services, which, the defendants' argue, does not give it an individual right to pursue the claim against the defendants. *See* Defendants' Memorandum in Opposition to Namas Noor's Motion for Summary Judgment, pgs. 9–15.

The plaintiff correctly argues that if it can establish that the Acknowledgment of Debt was executed by Mr. Williams, the other defenses are moot. Thus, the primary issue before the Court on this motion is whether or not the signature on the Acknowledgment of Debt is genuine.

## Law and Analysis

### A. Summary Judgment Standard

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3] The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[4] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[5] If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."[6]

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.[7] The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence.[8] Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[9] The court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[10] Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial.[11]

When affidavits are used to support or oppose a motion for summary judgment they "shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."[12] Affidavits that are not based on personal knowledge or that are based merely on information and belief do not satisfy the requirements of Rule 56(e), and those portions of an affidavit that do not comply with Rule 56(e) are not entitled to any

3. Fed.R.Civ.P. 56(c); *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996); *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir.1996).

4. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). See also *Gunaca v. Texas*, 65 F.3d 467, 469 (5th Cir.1995).

5. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc) (quoting *Celotex*, 477 U.S. at 323–25, 106 S.Ct. at 2553).

6. *Little*, 37 F.3d at 1075.

7. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046–47 (5th Cir.1996).

8. *Little*, 37 F.3d at 1075; *Wallace*, 80 F.3d at 1047.

9. *Little*, 37 F.3d at 1075. See also *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996).

10. *McCallum Highlands v. Washington Capital Dus*, Inc., 66 F.3d 89, 92 (5th Cir.1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir.1995).

11. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

12. Fed.R.Civ.P. 56(e). See also *Beijing Metals & Minerals Import/Export Corp. v. American Business Ctr., Inc.*, 993 F.2d 1178, 1182 (5th Cir.1993).

weight and cannot be considered in deciding a motion for summary judgment.[13] Neither shall conclusory affidavits suffice to create or negate a genuine issue of fact.[14]

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." [15]

### B. Acknowledgment of Debt

"A party who demands performance of an obligation must prove the existence of the obligation." [16] Thus, in order to recover, the plaintiff must first prove the existence of the obligation owed by the defendants. If the plaintiff establishes the existence of an obligation, the burden shifts to the party asserting the invalidity of the obligation, to "prove the facts or acts giving rise to the nullity, modification, or extinction." [17]

In order to support its contention that money is owed by the defendants, Namas Noor has submitted an Acknowledgment of Debt, in authentic form, which the plaintiff claims was signed by Carlyle Williams. Ordinarily, "[a]n authentic act constitutes full proof of the agreement it contains" [18]

and no parole evidence may be introduced to alter its contents.[19] The Louisiana Civil Code defines an "authentic act" as "a writing executed before a notary public . . ., in the presence of two witnesses, and signed by each party who executed it, by each witness, and by each notary public before whom it was executed." [20] The plaintiff argues that it is entitled to summary judgment because Carlyle Williams received the money in question, agreed to repay it, as evidenced by the acknowledgment of debt, but has failed to do so.[21]

█ The plaintiff's argument, however, fails to take into account the allegations made by the defendant that the signature on the Acknowledgment of Debt was not his.[22] Former art. 2236 of the 1870 Civil Code (the predecessor to art. 1835) stated that "[t]he authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared a forgery." The current version, now art. 1835, omitted the reference to forgery, but did not intend to change the law.[23] The comments to art. 1835 further explain that the reference was no longer necessary because "[a] forged act is of course not authentic and can have no evidentiary effect." [24]

█ The jurisprudence firmly establishes that a person denying the validity of the signature bears the burden of proving

**13.** *Richardson v. Oldham*, 12 F.3d 1373, 1378–79 (5th Cir.1994).

**14.** *McCallum Highlands v. Washington Capital Dus*, 66 F.3d 89, 92 (5th Cir.1995); *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 7 F.3d 1203, 1207 (5th Cir.1993); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir.1992).

**15.** *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

**16.** La.Civ.Code art. 1831.

**17.** La.Civ.Code art. 1831.

**18.** La.Civ.Code art. 1835.

**19.** Only in very limited circumstances, for example when it is alleged that the act was made is contravention to the law, is parole evidence admissible to contradict or destroy an authentic act. *See Succession of Robinson*, 654 So.2d 682 (La.1995)

**20.** La.Civ.Code art. 1833.

**21.** *See* Namas Noor Memorandum in Support of Motion for Summary Judgment on Plaintiff's Claim.

**22.** *See* Defendant's Memorandum in Opposition to Namas Noor's Motion for Summary Judgment, pg.5.

**23.** La.Civ.Code art. 1835, cmt. (a).

**24.** La.Civ.Code art. 1835, cmt. (b).

the forgery.[25] Since the motion for summary judgment does not shift the burden of proof,[26] the defendants bear the burden of proving forgery. Parole evidence may be admitted to prove allegations of forgery of a signature on an authentic act.[27] In order to determine if summary judgment is appropriate in this case, the Court must determine whether or not the defendants have shown that a "genuine issue of material fact" exists on whether the defendant's signature on the Acknowledgment of Debt was forged.

### C. Proof of Forgery

When the validity of an authentic act is attacked, the evidence must be "convincing proof" of fraud or forgery.[28] Additionally,

> [t]he charge of fraud is exceptionally serious and the jurisprudence in our state has uniformly established that the burden rests upon the party alleging fraud to establish such allegations by exceptionally strong proof more onerous than the mere preponderance of the evidence; that the possibility of fraud or the suspicious character of surrounding circumstances is not sufficient.[29]

Although the burden of proof on a motion for summary judgment only requires a showing that there is a genuine issue of material fact, "the inquiry involved in a ruling on a motion for summary judgment ... necessarily implicate[s] the substantive evidentiary standard of proof that would apply at the trial on the merits." [30]

In support of his allegations of forgery, Carlyle Williams argues that: (1) the date on the Acknowledgment of Debt was altered; and, (2) that he was out of the country on the original date, when he alleges the agreement was actually signed.[31] The plaintiff counters that the document was simply mis-dated and that the second date was the date the document was actually signed. The defendants further argue that Carlyle Williams never signed the Acknowledgment of Debt and that the signature on the document could have been scanned from a document containing his actual signature which employees of the plaintiff had access.[32] These allegations are supported by affidavits submitted by the defendants. Based on these affidavits, the defendants argue that they have met their burden of proving that there is "a genuine issue of material fact." The defendants further argue that the issue of whether or not the Acknowledgment of Debt contains a forged signature is a credibility call, which is inappropriate for summary judgment.[33]

**25.** *Coleman v. Egle*, 376 So.2d 983 (La.App. 1st Cir.1979), *writ denied*, 379 So.2d 15 (La. 1980); *Thompson v. Woods*, 525 So.2d 174 (La.App. 3rd Cir.1988); *Succession of Velasquez–Bain*, 415 So.2d 1013 (La.App. 4th Cir. 1982), *writ denied*, 476 So.2d 354 (La.1985).

**26.** Fed.R.Civ.P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

**27.** *Succession of Robinson*, 654 So.2d 682 (La.1995); *Bass v. Coupel*, 671 So.2d 344 (La.App. 1st Cir.1995), *writ denied*, 669 So.2d 426 (La.1996).

**28.** *Eymard v. Terrebonne*, 560 So.2d 887 (La. App. 1st Cir.), *writ denied*, 567 So.2d 614 (La.1990); *Lastrapes v. Willis*, 635 So.2d 1281 (La.App. 3rd Cir.), *writ denied*, 642 So.2d 871 (La.1994); *Ritz v. Ritz*, 666 So.2d 1181 (La. App. 5th Cir.1995), *writ denied* 669 So.2d 395 (La.1996).

**29.** *Armstrong v. Copeland*, 194 So.2d 801 (La. App. 2nd Cir.1967).

**30.** *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

**31.** Defendant's Memorandum in Opposition to Namas Noor's Motion for Summary Judgment, pg. 5.

**32.** Defendant's Memorandum in Opposition to Namas Noor's Motion for Summary Judgment, pg. 3.

**33.** Supplemental Memorandum in Opposition to Namas Noor's Motion for Summary Judgment, pg. 4. *See Guillory v. Domtar Industries, Inc.*, 95 F.3d 1320 (5th Cir.1996).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but … must set forth specific facts showing there is a genuine issue for trial." [34] There is no issue for trial unless there is sufficient evidence favoring the opposing party for a jury to find in his favor.[35] Although the plaintiff has submitted the affidavit of a handwriting expert to support the authenticity of the signature on the Acknowledgment,[36] the defendants have met their burden by coming forward with specific facts which show there is a genuine issue of fact in dispute as to whether or not the signature on the Acknowledgment of Debt was Carlyle Williams'.

### Conclusion

Because the defendants have produced evidence of the existence of a genuine issue of material fact, the plaintiff's motion for summary judgment cannot be granted at this time.

Therefore:

**IT IS ORDERED** that the plaintiff's motion for summary judgment be and is hereby **DENIED**.

---

34. Fed.R.Civ.P. 56(c)

35. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

36. *See* Namas Noor Reply Memorandum in Support of Motion for Summary Judgment on Plaintiff's Claim, Exh. A.