WILLIAMS, J.
liThe plaintiffs, Rochundra Garrison and Sam Winston, Jr., appeal a summary judgment in favor of defendants, State Farm Fire and Casualty Company and Duane Lucky, Jr. The district court also granted State Farm’s exception of.no right of action against Garrison and denied the insurer’s motion to strike an affidavit. For the following reasons, we reverse in part and remand.
FACTS
Sam Winston, Jr. (“Winston”), was the owner of a 2004 Buick LeSabre. Winston lived with his adult daughter, Rochundra Garrison, and her children at a residence in Bastrop. Winston allowed Garrison to drive the vehicle, but he remained the title owner. The title documents were kept in the vehicle. The car developed a hole in the radiator and overheated when operated. Garrison contacted her friend, Clarence Hollins, a mechanic at Ray’s Auto World (“Ray’s Auto”), a used car lot in Bastrop, and he agreed to repair the car. Ray Waller was the owner of Ray’s Auto. The vehicle was then towed to the Ray’s Auto lot, where it remained for several weeks. When Garrison returned to ask about the repairs, Hollins told her that the car had been sold by Waller.
The chain of title shows a sale of the 2004 Buick on October 15, 2013, from Winston to Waller, with Winston’s signature witnessed by Duane T. Lucky, Jr. (“Lucky”), as notary. Then, on November 23, 2013, Waller sold the car to Mary Palmer, with Lucky again witnessing the signatures as notary. Winston denied signing the bill of sale or title. The plaintiffs, Winston and Garrison, filed a lawsuit against Waller for conversion and obtained a judgment against him. The plaintiffs then filed a petition against |2Lucky and State Farm Fire and Casualty Company (“State Farm”), which had issued a notary bond for Lucky, alleging that he had facilitated the conversion by notarizing the sale documents without confirming the identity of the person purporting to sign as Winston. The plaintiffs obtained an affidavit from Waller, who stated that he had taken the sale documents for the 2004 Buick to Lucky’s office so that he “would notarize” the documents with his signature. Waller testified that he did not sign Lucky’s name as notary.
In his deposition, Lucky denied signing the documents as notary and asserted that his name was also forged. Lucky testified that after receiving a letter from plaintiffs’ attorney regarding the forged signatures, *588 he confronted Waller, who admitted that he had forged Lucky’s name to the title and bill of sale. Lucky stated that he had done prior notary work for Waller and other used car dealers. Lucky acknowledged that he routinely notarized the signature of the dealer, as the vehicle seller, without requiring the seller to appear and sign before him.
State Farm and Lucky filed a motion for summary judgment based on Lucky’s testimony that he had not signed the documents as notary. In opposition, plaintiffs submitted the above affidavit from Waller. Lucky’s attorney then obtained a second affidavit from Waller, in which he contradicts his initial affidavit. In the second affidavit, Waller stated that he had signed the name of Lucky on the bill of sale and title transferring the ownership of Winston’s vehicle. State Farm filed a motion to strike Waller’s initial affidavit and an exception of no cause of action as to Garrison.
After a hearing, without giving reasons, the district court rendered judgment granting the exception of no cause of action and granting summary | ¿judgment in favor of State Farm and Lucky, dismissing plaintiffs claims. The court also denied State Farm’s motion to strike. Plaintiffs appeal the judgment. State Farm answered the appeal alleging that the court erred in denying the motion to strike.
DISCUSSION
The plaintiffs contend the district court erred in granting summary judgment in favor of the defendants. Plaintiffs argue that summary judgment is not appropriate because an issue of material fact exists as to whether Lucky signed the sale documents and was negligent in performing his notary duties.
Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Argonaut Great Central Ins. Co. v. Hammett, 44,308 (La.App. 2 Cir. 6/3/09), 13 So.3d 1209, writ denied, 2009-1491 (La. 10/2/09), 18 So.3d 122; Whitaker v. City of Bossier City, 35,972 (La.App. 2 Cir. 4/5/02), 813 So.2d 1269. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. R.S. C.C.P. art. 966(B).
Summary judgment is seldom appropriate for determinations based on subjective facts of motive, intent, good faith, knowledge or malice. Jones v. Estate of Santiago, 2003-1424 (La. 4/14/04), 870 So.2d 1002; Benson v. State, 48,300 (La.App. 2 Cir. 10/9/13), 124 So.3d 544. One reason is that such factual determinations call for credibility evaluations and the weighing of testimony. Benson, supra.
14A seller of a vehicle shall deliver to the purchaser thereof a certificate of title and the assignment of title must be executed by the seller in the presence of a notary or two witnesses. If executed in the presence of two witnesses, the acknowledgment of witness must be signed by one witness in the presence of a notary. La. R.S. 32:705. An authentic act is full proof of the agreement contained therein and the validity of the instrument is presumed in the absence of convincing proof to the contrary. La. C.C. art. 1835. Eymard v. Terrebonne, 560 So.2d 887 (La. App. 1 Cir. 1990). A person denying the authenticity of a signature on a notarized instrument has the burden of proving that the signature is a forgery. Eymard, supra; Thompson v. Woods, 525 So.2d 174 (La. App. 3 Cir. 1988). A notary is liable both for deliberate *589 misfeasance and for negligence in performing his official duties. Collins v. Collins, 629 So.2d 1274 (La. App. 5 Cir. 1993).
In the present case, State Farm and Lucky filed a motion for summary judgment alleging there was no evidence that Lucky had signed the vehicle title and bill of sale as notary. In support of the motion, defendants submitted Lucky’s deposition testimony acknowledging that the sale documents contained his name as notary public and his correct notary number, but denying that he had signed the signature appearing above his name on the documents. Lucky stated in his deposition that he had received copies of the sale documents with the letter from the plaintiffs’ attorney. However, Lucky testified that when speaking on the phone, he said he did not know what the attorney was talking about; he did not say that his signature had been forged. Lucky asserted that he did not look at the sale documents until after he had spoken with the attorney and then simply threw the documents in the trash. Lucky testified that when he later asked Waller 1 ¿about the notary signature on the sale documents, Waller then said he had signed Lucky’s name. State Farm also submitted the deposition testimony of Garrison and Winston stating that they did not have personal knowledge that Lucky had signed the sale documents.
The plaintiffs presented the title of the 2004 vehicle and the bill of sale bearing the name of Lucky as notary public, his notary number and his signature. In opposing the motion for summary judgment, plaintiffs submitted Waller’s affidavit dated January 26, 2016. In that affidavit, Waller stated that he had taken the title and a bill of sale for the 2004 Buick to Lucky’s office “to have the documents notarized. Duane Lucky would notarize the documents where his name appears as Notary. [Waller] did not sign Duane Lucky’s name as notary” on the documents.
In response, the defendants produced a second affidavit by Waller dated April 14, 2016, stating that he had signed the first affidavit while under duress caused by the “threatening language” used by plaintiffs’ attorney. Waller further stated that he had signed Lucky’s name on the title of the 2004 vehicle and that he had “no knowledge that Duane Lucky notarized or otherwise had any involvement” with the sale documents.
Based on the contradictory affidavits signed by Waller contained in this record, there is a factual issue as to the identity of the person who signed Lucky’s name as notary on the sale documents. Although the defendants filed a motion to strike Waller’s first affidavit as “inherently unreliable,” they have not shown a persuasive reason to explain why Waller’s second affidavit should be considered more reliable, when both were signed under oath. Despite Waller’s assertion of duress when signing the initial affidavit, we note that any such duress did not prevent him from asserting the need to ^change the affidavit language before signing. At a minimum, the affidavits raise the issue of Waller’s credibility in describing the circumstances surrounding the execution of the sale documents. After reviewing the evidence presented, we cannot say the district court erred in denying the motion to strike.
Even if the court were to disregard one or both of Waller’s affidavits, the evidence in the record creates a genuine issue of material fact as to whether Lucky signed the sale documents. The plaintiffs presented documentary evidence, including the assignment of title and bill of sale containing Lucky’s name and signature as notary. Defendants submitted Lucky’s deposition testimony denying that he is the person who signed his name as notary. Such a *590 denial and Lucky’s description of his conduct after receiving the sale documents from plaintiffs’ attorney will require the fact finder to make an assessment of Lucky’s credibility that is not appropriate in a summary judgment proceeding.
In addition, the signature of each person who signs a notarized document is presumed valid absent convincing proof to the contrary. The person attacking the authenticity of a signature has the burden of proving a forgery. This case is uncommon in that the notary, and not a party to the sale, is the person denying the validity of his signature on the documents. In determining the validity of the notary signature, the fact finder will need to consider the documentary evidence. The weighing of such evidence would not be appropriate on summary judgment.
Based upon this record, a material issue of fact exists as to whether the sale documents for the 2004 vehicle contain the authentic signature of Lucky as notary public. In making a determination regarding the validity of |7the signature, the fact finder will need to assess the credibility of the witnesses and weigh the evidence presented. Consequently, we conclude the district court erred in granting the defendants’ motion for summary judgment.
In their second assignment of error, plaintiffs raise the issue of the district court’s grant of the exception of no right of action as to Garrison. However, in their brief, plaintiffs state they do not object to the exception being granted. Thus, this court will not address the issue. See URCA Rule 2-12.4.
CONCLUSION
For the foregoing reasons, that part of the district court’s judgment granting the motion for summary judgment is reversed and the judgment is otherwise affirmed. This matter is remanded for further proceedings. Costs of this appeal are assessed to the appellees, State Farm Fire and Casualty Company and Duane Lucky, Jr.
REVERSED IN PART; AFFIRMED IN PART AND REMANDED.