BLEICH, J. (Ad Hoc)
*625 Plaintiff, Sam Winston, Jr.,[1] has appealed from the trial court's judgment in favor of Defendants, Duane Lucky, Jr., and his notary bond surety, State Farm Fire and Casualty Company, dismissing with prejudice all of Plaintiff's claims against Defendants.[2] For the reasons set forth below, we affirm.
FACTS AND PROCEDURAL HISTORY
This is the second time that this case has been before this Court. Some of the underlying facts and initial procedural history are taken from Garrison v. State Farm Fire and Casualty Co. , 51,245 (La. App. 2 Cir. 04/05/17), 217 So.3d 586, 587-88 :
Sam Winston, Jr. ("Winston"), was the owner of a 2004 Buick LeSabre. Winston lived with his adult daughter, Rochundra Garrison [ ("Garrison") ], and her children at a residence in Bastrop. Winston allowed Garrison to drive the vehicle, but he remained the title owner. The title documents were kept in the vehicle. The car developed a hole in the radiator and overheated when operated. Garrison contacted her friend, Clarence Hollins [ ("Hollins") ], a mechanic at Ray's Auto World ("Ray's Auto"), a used car lot in Bastrop, and he agreed to repair the car. Ray Waller [ ("Waller") ] was the owner of Ray's Auto. The vehicle was then towed to the Ray's Auto lot, where it remained for several weeks. When Garrison returned to ask about the repairs, Hollins told her that the car had been sold by Waller.
The chain of title shows a sale of the 2004 Buick on October 15, 2013, from Winston to Waller, with Winston's signature witnessed by Duane Lucky, Jr. ("Lucky"), as notary. Then, on November 23, 2013, Waller sold the car to Mary Palmer, with Lucky again witnessing the signatures as notary. Winston denied signing the bill of sale or title. The plaintiffs, Winston and Garrison, filed a lawsuit against Waller for conversion and obtained a judgment against him. The plaintiffs then filed a petition against Lucky and State Farm Fire and Casualty Company ("State Farm"), which had issued a notary bond for Lucky, alleging that he had facilitated the conversion by notarizing the sale documents without confirming the identity of the person purporting to sign as Winston. The plaintiffs obtained an affidavit from Waller, who stated that he had taken the sale documents for the 2004 Buick to Lucky's office so that he "would notarize" the documents with his *626 signature. Waller testified that he did not sign Lucky's name as notary.
In his deposition, Lucky denied signing the documents as notary and asserted that his name was also forged. Lucky testified that after receiving a letter from plaintiffs' attorney regarding the forged signatures, he confronted Waller, who admitted that he had forged Lucky's name to the title and bill of sale. Lucky stated that he had done prior notary work for Waller and other used car dealers. Lucky acknowledged that he routinely notarized the signature of the dealer, as the vehicle seller, without requiring the seller to appear and sign before him.
Defendants filed a motion for summary judgment based on Lucky's deposition testimony that he had not signed the documents. In opposition, Plaintiffs submitted the Waller affidavit. Thereafter, Lucky's attorney obtained a second affidavit from Waller in which he stated that he signed Lucky's name on the bill of sale and title transferring ownership of Winston's vehicle. A hearing was held and the trial court, inter alia , granted Defendants' motion for summary judgment which was reversed by this Court in Garrison, supra .
Following remand, trial was held on February 12, 2018, on the exception of prescription, the main demand against Defendants, and a reconventional demand for defamation filed by Lucky. The trial court, finding that Winston's claim against Defendants had not prescribed, denied the exception of prescription. The trial court then found that Winston failed to prove that Lucky signed the disputed documents and rendered judgment in Defendants' favor, dismissing with prejudice Plaintiff's claims against them. The trial court likewise found that Lucky did not establish his claim against Winston and rendered judgment in favor of Plaintiff on Lucky's reconventional demand, dismissing it with prejudice. It is from this judgment that Winston has appealed. State Farm has answered the appeal.
DISCUSSION
Plaintiff asserts that the trial court erroneously required him to prove that the notary's signature was forged, instead of requiring Lucky to establish that the signature was a forgery, and that this legal error requires this Court to review the record de novo . This assignment of error lacks merit because it mischaracterizes or takes out of context comments regarding the burden of proof made by the trial judge during his reasons for judgment, which are discussed more in depth below.
Plaintiff next asserts that if the Court determines that manifest error is the proper standard of review, the trial court's factual conclusion that the evidence did not show that Duane Lucky, Jr., signed the forged documents is manifestly erroneous.
A district court's reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review unless they are manifestly erroneous or clearly wrong. Wooley v. Lucksinger , 09-0571 (La. 04/01/11), 61 So.3d 507 ; Rosell v. ESCO , 549 So.2d 840 (La. 1989). When findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the trial court's findings. Robinson v. Board of Supervisors for University of Louisiana System , 15-2145 (La. 06/29/17), 225 So.3d 424 ; Rosell, supra; Fuller v. Bissell , 51,759 (La. App. 2 Cir. 01/10/18), 245 So.3d 1169.
Under the manifest error standard, the trial court's factual findings can be reversed only if the appellate court finds, based on the entire record, no reasonable *627 factual basis for the factual finding and that the fact finder is clearly wrong. Baker v. PHC-Minden, L.P. , 14-2243 (La. 05/05/15), 167 So.3d 528 ; Fuller, supra . Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. Robinson, supra . But where no such factors are present, and the fact finder's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. Id. ; Bellard v. American Central Insurance Co. , 07-1335 (La. 04/18/08), 980 So.2d 654 ; Johnson v. Tucker , 51,723 (La. App. 2 Cir. 11/15/17), 243 So.3d 1237, writs denied , 17-2075, 17-2073 (La. 02/09/18), 236 So.3d 1262, 1266.
The following is excerpted from the trial court's written reasons for judgment:
[T]he basis for the plaintiff's case is that Mr. Lucky signed the documents discussed hereinabove in his capacity as a notary through the use of improper or negligent procedures which facilitated the conversion and sale of Mr. Winston's vehicle to a third party purchaser. If Mr. Lucky did not sign these documents, the plaintiff has no case . It goes without saying that State Farm is a defendant only in its capacity as surety for Mr. Lucky and can have no liability unless and until liability is visited upon Mr. Lucky, a circumstance again calling for Mr. Lucky's signature to be present on the documents in question, a matter upon which the plaintiff bears the burden of proof....
Mr. Lucky ... emphatically denied having signed these documents in question during his trial testimony. Mr. Lucky's testimony on this topic has always been that his name appears on the documents but that the handwriting is not his signature . The plaintiff's argument contrary to that assertion misconstrues and misrepresents the pleadings and Mr. Lucky's testimony. Mr. Lucky's position has always been consistently that, while his name appears on the documents, he did not sign the documents and that is not his signature, not his handwriting, is the clear and obvious meaning conveyed.
With respect to Mr. Waller, this court is mindful of the Honorable Second Circuit's instruction that this court is to assess the credibility of witnesses during the trial of this matter and the court has done so. Mr. Waller has presented the court with inconsistent statements for evidence on the matter of Mr. Lucky's signature . Mr. Waller has stated both that he, Mr. Waller, forged Mr. Lucky's name to the documents in question and has also stated that he took the documents over to Mr. Lucky's office and left them for Mr. Lucky to sign, to notarize, but he never saw Mr. Lucky sign the documents in question. The court notes the significant contradictions and internal inconsistencies in Mr. Waller's testimony regarding how the signature purporting to be Mr. Lucky's got on the documents in question and further notes that it has been judicially determined in the prior but related suit that Mr. Waller converted and sold Mr. Winston's vehicle without the permission of the owner. In other words, the related case indicates that Mr. Waller is a thief. Hence his credibility is absolutely zero and his testimony is entitled to no weight whatsoever. On one occasion, as part of the various explanations he gave for his conduct and the involvement or lack thereof of Mr. *628 Lucky, Mr. Waller said that he took the documents in question over to Mr. Lucky's office and left them for Mr. Lucky to notarize, a position which he later recanted and then candidly admitted to forging Mr. Lucky's signature on the documents in question . The testimony of Mr. Lucky in this regard is that Mr. Waller did not bring these documents to his office and leave them to be notarized.....
Mr. Lucky has consistently denied having signed the documents in question and Mr. Waller recanted his statement of having [taken] the documents by Mr. Lucky's office and having left them there for Mr. Lucky to sign in favor of his later pronouncement that he signed. In other words, he forged Mr. Lucky's name to the documents in question . The court finds the showing made by this evidence to be insufficient for the court to find as a matter of fact that on this occasion Mr. Waller took documents by and left them for Mr. Lucky to sign and that Mr. Lucky in fact did thereafter sign them. The recantations and inconsistencies by Mr. Waller make his testimony useless to the court and do not assist the plaintiff in proving that such an arrangement transpired on this occasion. That is particularly the case when Mr. Lucky has consistently and emphatically denied having signed the documents in question . The foregoing postulated scenario ... is still insufficient for the plaintiff to sustain his required burden of proof that Mr. Lucky signed these documents. ...
[T]he plaintiff has failed to show that Mr. Lucky signed the documents in question. The court observed with interest that neither party engaged a forensic document examiner to examine the handwriting at issue which would have greatly assisted the court and the parties in resolving this issue which is the crux of the case....
The trial court's factual findings in this case, as set forth above, are clearly based upon its credibility determinations and as such, are not manifestly erroneous or clearly wrong. Furthermore, once Lucky denied having signed the title and bill of sale documents (which he did consistently as well as by supplying the court with two documents to show the differences between his actual signature and that of the signature purporting to be his on the title and bill of sale), the burden was upon Plaintiff to present evidence sufficient to establish that the signatures on the documents were Lucky's. The trial court did not err in finding that Plaintiff failed to do so.[3]
CONCLUSION
For the reasons set forth above, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Plaintiff-Appellant, Sam Winston, Jr.
AFFIRMED .

Initially, suit was filed by both Winston and his daughter. However, she was dismissed from the lawsuit when an exception of no cause of action filed by Defendants was granted.

In this judgment, the trial court also denied a peremptory exception of prescription filed by State Farm, and rendered judgment in favor of Plaintiff against Lucky dismissing his reconventional demand and all claims therein.

Because we are affirming the trial court's judgment, we do not reach the issue raised by State Farm in its answer to the appeal.