PER CURIAM.
| t Plaintiff filed the instant suit against defendant, alleging she was injured when she tripped while on defendant’s premises. During discovery, plaintiff admitted she did not know what caused her to trip. Plaintiffs husband, who did not witness the accident, stated in his deposition that he believed his wife tripped on a floor divider.
Subsequently, defendant moved for summary judgment, arguing plaintiff was unable to establish her fall was caused by a defect in its premises. Defendant relied on plaintiffs testimony, the opinion of her expert finding no evidence of any defect, and a videotape showing plaintiff tripping on a step, which defendant characterized as an open and obvious hazard.
The district court denied defendant’s motion for summary, and the court of appeal denied supervisory writs. This application followed.
Based on our review, we find plaintiff failed to present any evidence which would establish that her injury was caused by a defect in defendant’s premises. Although plaintiffs expert speculated that the flashing lights on the steps may have contributed to plaintiffs fall, such speculation falls short of the positive showing of evidence required to create a genuine issue as to an essential element of plaintiffs claim. Babin v. Winn-Dixie Louisiana, Inc., 00-0078 (La.6/30/00), 764 So.2d 37. Moreover, even assuming the flashing lights created a hazard, such a condition is open and obvious. A landowner is not liable for an injury which results from a condition which should have been |2observed by the individual in the exercise of reasonable care, or which was as obvious to a visitor as it was to the landowner. Dauzat v. Curnest Guillot Logging, Inc., 08-0528 (La.12/2/08), 995 So.2d 1184; Hutchinson v. Knights of Columbus, 03-1533 at p. 9 (La.2/20/04), 866 So.2d 228, 234; Pitre v. Louisiana Tech University, 95-1466, 95-1487 at p. 11 (La.5/10/96), 673 So.2d 585, 591.
In summary, we find there are no disputed issues of material fact. Plaintiff failed to establish that she will be able to satisfy her evidentiary burden of proof at trial. Therefore, defendant is entitled to judgment as a matter of law.
Accordingly, the writ is granted. The judgment of the district court is reversed, and summary judgment is granted in favor of defendant.
JOHNSON, J., dissents.