PER CURIAM.
| ,Plaintiffs filed suit against defendants based on a motor vehicle accident. Among other claims, plaintiffs asserted a wrongful death claim, alleging their decedent, Kenneth Gifford, was injured in the accident and died two weeks later. Defendants *1000 moved for partial summary judgment, arguing Mr. Gifford did not die as a result of the accident. In support, defendants relied on the coroner’s report which indicated Mr. Gifford died as a result of heart disease. Also, defendants relied on a report and the affidavit of Dr. David Elizar-di, M.D., a board certified cardiologist, who opined that “there is no evidence to support the allegation that the automobile accident of Sept. 18, 2010 was the cause of Mr. Gifford’s subsequent demise from complications of his advanced progressive, diffuse atherosclerotic cardiovascular disease.”
The district court denied defendants’ motion for partial summary judgment, and the court of appeal denied supervisory review. This application followed.
A party moving for summary judgment has the burden of pointing out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. Code Civ. P. art. 966(C)(2); Schultz v. Guoth, 10-0343 (La.1/19/11), 57 So.3d 1002.
Lin the instant case, defendants produced evidence indicating Mr. Gifford did not die as a result of the accident, but instead died as a result of his severe cardiovascular disease. The burden then shifted to plaintiffs to come forward with evidence (by affidavit, deposition, discovery response, or other form sanctioned by La. Code Civ. P. arts. 966 and 967) to demonstrate that they would be able to meet their burden at trial to show the accident caused Mr. Gifford’s death. Plaintiffs argued the jury may find the accident caused or contributed to Mr. Gif-ford’s death because one of the causes of his death was a cerebral vascular accident or stroke, and strokes can be caused by head injuries. However, plaintiffs’ argument is based largely on speculation, which is insufficient to satisfy their burden of proof at trial. See Babin v. Winn-Dixie, 00-0078 (La.6/30/00), 764 So.2d 37 (“speculation falls far short of the factual support required to establish that plaintiff will be able to satisfy his evidentiary burden of proof at trial”). In the absence of any evidence by plaintiffs showing they could meet their burden at trial, summary judgment in favor of defendants is mandated. See Bufkin v. Felipe’s Louisiana, LLC, 14-0288 (La.10/15/14),-So.3d-.
Accordingly, the writ is granted. The judgment of the district court is reversed, and partial summary judgment is granted in favor of defendants. Case remanded to the district court for further proceedings.
JOHNSON, C.J., dissents.