MOORE, J,
dissents.
I1I respectfully dissent. The majority’s analysis of the city’s constructive notice under R.S. 9:2800 C hinges on a perceived duty to inspect the rail for hidden defects. This court has, on at least two prior occasions, imposed a duty on a governmental entity to conduct routine inspections for hidden defects; in both cases, the supreme court has rejected the existence of such a duty. Lewis v. State, 94-2870 (La.4/21/95), 654 So.2d 311; Jones v. Hawkins, 98-1259 (La.3/19/99), 731 So.2d 216. In light of this jurisprudence, I am not inclined to hold that the City of West Monroe owed the duty of performing a routine structural inspection of this rail. The fact that the city may have failed to perform such an inspection does not create a genuine issue for trial.
I also disagree with the majority’s treatment of Marshal Guyton’s deposition. Once the city showed that it had no constructive knowledge of any defect in the rail, the burden shifted to Ms. Walters to produce some factual support. The only item bearing on constructive notice was Guyton’s deposition, which states that after the accident the rail was “broken down” and “on the ground,” but he had no idea what kind of condition it was in before. He theorized that someone backed into it with a vehicle, at some unspecified time, but this was mere speculation. “Speculation falls far short of the factual support required to establish that plaintiff will be able to satisfy his evidentiary burden of proof at trial.” Babin v. Winn-Dixie, 2000-0078 (La.6/30/00), 764 So.2d 37; Gifford v. Arrington, 2014-2058 (La.11/26/14), 153 So.3d 999. A fair reading of Guyton’s testimony, and a fair |2viewing of the photos, shows that nothing was obviously wrong with the rail before the accident, *426 and certainly nothing that would support a finding of constructive notice.
The district court correctly analyzed the summary judgment evidence and correctly found no evidence of constructive knowledge. I would affirm.