STONE, J.
hThe Appellant, Cheryl Wells,[1] appeals the trial court’s judgment granting the Appellees’, Town of Delhi and Chad and Kristi Morgan, motions for 'summary judgment. For the following reasons, we reverse the ruling of the trial court.
FACTS AND PROCEDURAL BACKGROUND
On May 8, 2012, Cheryl Wells (“Wells”) was the front seat passenger of a vehicle driven by Natasha Hamilton (“Hamilton”) during a heavy thunderstorm that developed without warning. Due to a fallen tree across the road on which she was traveling, Hamilton was forced to take an alternate route onto Charter Street. As the vehicle was traveling on Charter Street, a large limb broke off an oak tree located at 508 Charter Street (“the property”). The limb fell onto Hamilton’s vehicle, crushing the roof of the vehicle and striking Wells on the head. As a result of the accident, Wells was rendered a quadriplegic. No other passengers in the vehicle sustained serious injuries.[2]
The tree involved in the accident was located on the edge of a property line between the home of Chad and Kristi Morgan (“the Morgans”) and the right-of-way and street owned by the Town of Delhi (“Delhi”). The roots of the tree protruded underneath the sidewalk and its limbs protruded over the street. Following the accident, Wells filed a lawsuit, pursuant to La. C.C. arts. 2315 and 2317.1, against Delhi and the Morgans (collectively, “the defendants”) alleging her injuries were a result of the defective and dying tree on the defendants’ property.
|aThe defendants filed separate motions for summary judgment asserting Wells could not prove the defendants knew or should have known that the tree was defective. Additionally, the defendants asserted the affirmative defense of Act of God, arguing the limb fell because of the violent storm. The trial court granted both motions for summary judgment, finding the following facts undisputed:
1. The tree was located on the property of the Morgans and protruded onto land under the control of Delhi.
2. The tree in question was, in fact, defective, and was suffering from “heart rot.”
3. The felled limb was the proximate cause of Wells’ injuries.
4. The driver of the vehicle was not at fault in the accident.
Although it concluded the tree was defective, the trial court determined the defendants did not possess requisite knowledge of the defect, and therefore could not be liable for the accident. According to the *1098 trial court, the defect in the tree was not of such nature that a reasonable man, upon proper inspection, could or should have observed the defect and be placed on notice that the tree posed a threat to others. This appeal followed.
DISCUSSION
Summary Judgment
A de novo standard of review is required when an appellate court considers rulings on summary judgment motions, and the appellate, court uses the same criteria that governed the district court’s determination of whether summary judgment was appropriate. Bank of New York Mellon v. Smith, 15-0530 (La. 10/14/15), 180 So.3d 1238, 1243. A court must grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show there is no genuine issue as to material fact, and the mover is entitled to | judgment as a matter of law. La. C.C.P. art. 966. See Catahoula Parish School Bd. v. Louisiana Machinery Rentals, LLC, 12-2504 (La. 2013), 124 So.3d 1065, 1071.
The burden of proof on a summary judgment motion remains with the movant. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense, then the nonmoving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. art. 966(D)(1).
The trial court must first determine whether the supporting documents presented by the mover are sufficient to resolve all material fact issues. If not, summary judgment must be denied in favor of a trial on the merits. A fact is material if its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. In other words, material facts are those which potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute. Debrun v. Tumbleweeds Gymnastics, Inc., 39, 499 (La. App. 2 Cir. 04/06/05), 900 So.2d 253, 257, citing Giordano v. Rheem Mfg. Co., 93-1614 (La. App. 3 Cir. 10/05/94), 643 So.2d 492.
Summary judgment is seldom appropriate for determinations based on subjective facts of motive, intent, good faith, knowledge, or malice. Jones v. Estate of Santiago, 2003-1424 (La. 04/14/04), 870 So.2d 1002; Hooker v. Wal-Mart Stores, Inc., 38,350 (La. App. 2 Cir. 04/07/04), 870 So.2d 1131, | ¿writ denied, 2004-1420 (La. 09/24/04), 882 So.2d 1142. One reason is that these subjective facts call for credibility evaluations and the weighing of testimony. Hooker, supra; Oaks v. Dupuy, 32,070 (La. App. 2 Cir. 08/18/99), 740 So.2d 263, writ not cons., 99-2729 (La. 11/24/99), 750 So.2d 993.
A trial judge cannot make credibility determinations on a motion for summary judgment. Hutchinson v. Knights of Columbus, Council No. 5717, 2003-1533 (La. 02/20/04), 866 So.2d 228; Independent Fire Ins. Co. v. Sunbeam Corp,, 1999-2181, 1999-2257 (La. 02/29/00), 755 So.2d 226. A party seeking a summary judgment is entitled to a favorable judgment only if “there is no genuine issue as to a material fact” and, thus, the “mover is entitled to judgment as a matter of law.” [Emphasis theirs.] Hutchinson, supra. The credibility of a witness is a question of fact. Canter v. Koehring Company, 283 So.2d 716 (La. *1099 1973); Hutchinson, swpra,. In deciding a motion for summary judgment, the court must assume that all of the affiants are credible. Independent Fire Ins. Co., supra.

Notice of Defect

Wells argues the trial court erred in granting the defendants’ motions for summary judgment because there is controverted evidence regarding the defendants’ failure to exercise reasonable care in discovering the defect in the tree. According to Wells, the defendants chose not to inspect the tree, despite warnings that the tree was defective and posed an unreasonable risk of harm to individuals who encountered it. Wells claims the failure of the defendants to inspect their property and care for the defective tree constitutes negligence and renders them liable for damages.
IfiDelhi asserts summary judgment is warranted because it did not have the requisite actual or constructive knowledge of the tree’s defect. Delhi claims the tree was alive with green leaves and branches and had no obvious signs of rot, death, or decay. Similarly, the Morgans argue they did not know nor could they have reasonably known of the tree’s defect. The Morgans claim they never saw anything to indicate the tree contained rotten or decayed branches or that the tree was otherwise not healthy.
To recover for damages caused by a defective thing, the plaintiff must prove that the thing was in the defendant’s custody, that the thing contained a defect which presented an unreasonable risk of harm to others, that this defective condition caused the damage, and that the defendant knew or should have known of the defect. Moody v. Blanchard Place Apts., 34,587 (La. App. 2 Cir. 06/20/01), 793 So.2d 281. See also La. C.C. arts. 2317 and 23171.
Likewise, to recover against a public entity for damages due to a defective thing, a plaintiff must prove that: (1) the thing which caused the damage was in the custody of the public entity; (2) the thing was defective due to a condition creating an unreasonable risk of harm; (3) the entity had actual or constructive notice of the condition yet failed to take corrective action within a reasonable period of time; and (4) the defect was a cause of plaintiffs harm. Jones v. Hawkins, 98-1259 (La. 03/19/99), 731 So.2d 216; Ricks v. City of Shreveport, 42,675 (La. App. 2 Cir. 10/24/07), 968 So.2d 863. Failure to meet any one statutory element will defeat a negligence claim against a public entity. Breitling v. Shreveport, 44,112 (La. App. 2 Cir. 05/13/09), 12 So.3d 457.
| (¡Constructive notice is defined as the existence of facts that imply actual knowledge. La. R.S. 9:2800(D). To prove constructive notice, plaintiffs must produce facts demonstrating the defect existed for a sufficient period of time and should have been discovered and repaired if the public entity had exercised reasonable diligence. Breitling, supra.
In his deposition, Chad Morgan stated that during the four years he has owned the property on Charter Street, he has not performed any maintenance on the tree. He further stated he does not check the yard or look at the tree on a regular basis. However, the last time he saw the tree it had green leaves and appeared to be healthy. Additionally, Morgan indicated he was not aware of any branches falling from the tree prior to Wells’ accident, but that he could not say with certainty that no branches had fallen.
Dee Lawrence McCall (“McCall”) was Delhi’s public works supervisor at the time of Wells’ accident. In his deposition, McCall stated he regularly drove the *1100 streets of Delhi to look for problematic and hazardous conditions. He stated that on numerous occasions prior to the accident, he had driven by the property on Charter Street and noticed that the sidewalk where the tree stood was severely cracked and broken because of the tree’s roots growing into and underneath the sidewalk. McCall indicated he believed the condition of the sidewalk was hazardous and needed to be removed but admitted he did not have it removed. He also admitted to never inspecting the tree to determine if it created an unreasonable risk of harm to the public.
Gary Patterson, a forestry expert, submitted an affidavit wherein he concluded the tree suffered from decay and heart rot. He also opined the 17tree had been dying for many years before the accident, despite the presence of some green leaves. Patterson stated that visible knots on the ti'ee’s trunk as well as hollow spots on the limbs were indicative of a dying tree. In examining photos taken of the tree after the accident, Patterson was able to determine that medium to large limbs had been falling from the tree for years. According to Patterson, the defect in the tree would have been discovered upon a “reasonable cursory inspection” based on the dead fallen limbs and the visible and unobstructed view of the thinning crown of the tree. Furthermore, he noted that the fact that the tree’s roots were obviously growing underneath and through the sidewalk should have alerted the Morgans and Delhi that they needed to conduct a closer inspection of the tree, especially because of the tree’s large size.
After a thorough review of the record, we find Patterson’s affidavit alone creates a genuine issue of material fact concerning: 1) whether the defendants knew, or in the exercise of reasonable care, should have known of the tree’s defect; 2) whether, through the exercise of reasonable care, the accident could have been prevented; and, 3) whether the defendants failed to exercise such reasonable care. Neither the Morgans nor Delhi presented any evidence to counter Patterson’s expert testimony. In fact, the defendants failed to submit any expert or other evidence regarding the health of the tree at the time of the accident. Moreover, the depositions of both McCall and Morgan bolster Wells’ argument that the defendants chose not to inspect the tree despite signs it was possibly defective, or at least unhealthy. The question of whether Delhi or the Morgans, upon a reasonable inspection of the sidewalk and/or tree, could have discovered the tree’s defect and prevented Wells’ accident and resulting injuries, is integral to the ultimate ^resolution of this case and should not have been disposed of by summary judgment.

Act of God Defense

Alternatively, the defendants argue they are not liable for Wells’ injuries because the tree fell as a result of a severe thunderstorm storm caused by a force of nature. Wells argues the Act of God defense can only be used if the defendants are free from fault in causing her injuries.
An Act of God, or force majeure, is an unusual, sudden and unexpected manifestation of the forces of nature which man cannot resist. An injury caused by an Act of God is one which is due directly and exclusively to natural causes that could not have been prevented by the exercise of reasonable care. Recovery for injuries caused by extreme weather conditions may be precluded by the application of this rule. Greene v. Fox Crossing, Inc., 32,774 (La.App. 2 Cir. 3/1/00), 754 So.2d 339, writ denied, 2000-0944 (La. 05/26/00), 762 So.2d 1108. The Act of God defense is not absolute and does not apply if human fault is involved in causing the loss. Saden v. Kir *1101 by, 94-0854 (La. 09/05/95), 660 So.2d 423, 428.
The Act of God defense is only available to a defendant who is free of negligence and shows the accident is the direct and exclusive result of natural causes that could not be prevented by the exercise of reasonable care. Brown v. Williams, 36,863 (La. App. 2 Cir. 07/31/03), 850 So.2d 1116, writ denied, 2003-2445 (La. 11/21/03), 860 So.2d 555.
In light of our determination that there exists disputed issues of material facts concerning whether the defendants were negligent in causing Wells’ accident, we find summary judgment was not appropriate on this Inissue. Whether the defendants are free from negligence is a question of fact that needs to be determined by the trier of fact.

Spoliation

A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time. La. Code of Civil Procedure art. 966.
Wells argues that approximately five months after she filed suit, counsel for the Morgans asked counsel for Wells if the tree could be cut down and removed. Wells agreed to the removal with the stipulation that she be notified at least one week prior to the removal. Wells claims Delhi removed the tree and the sidewalk under the tree without providing Wells with any notice. According to Wells, this act constituted spoliation of evidence.
Two years after the accident, Delhi had the tree cut down due to the tree’s hazardous condition. The defendants argue that this two-year period was plenty of time for Wells to inspect the tree and that her failure to do so nullifies her spoliation claim. The defendants also allege they had no agreement with Wells to notify her before cutting down the tree.
In its reasons for judgment, the trial court determined there was no spoliation in this case. However, the issue of spoliation was not addressed in either defendant’s motions for summary judgment. Wells claims the trial court should not have made any ruling on this issue because the defendants did not address the claim in their motions for summary judgment. Furthermore, according to Wells, prior to the hearing on the motions for summary judgment, the parties agreed the spoliation claim would not be considered.
| inAs a matter of law, summary judgment cannot be used to dispose of matters that were not raised in the motion. Thus, we find the trial court improperly disposed of Wells’ spoliation claim by summary judgment.
CONCLUSION
For the above reasons, the judgment of the trial court is reversed. The matter is remanded to the trial court for further proceedings. The appellate court costs in the amount of $324.50 are to be paid by the Town of Delhi and Chad and Kristi Morgan in accordance with La. R.S. 13:5112.
REVERSED AND REMANDED.

. Since the filing of the appeal, Wells died. No petition to substitute parties has been filed.

. There were three other people in the vehicle.