MOORE, J.
*603 The defendants, Andy L. Gibbs Jr., his employer, 31 Energy Services LLC, and the employer's insurer, HDI-Gerling America, appeal a partial summary judgment in favor of the plaintiff, Tammy Bloxham, on the issue of liability only, in this tort suit arising from a rear-end collision. For the reasons expressed, we reverse and remand.
FACTS
The accident occurred on May 18, 2015, in Bossier City. Ms. Bloxham was driving her Honda Pilot west on Hwy. 511 (Jimmie Davis Hwy.). She alleged that she stopped at the red light at Sunflower Blvd., and was in the left lane when she was struck from behind by Gibbs, who was driving 31 Energy's Freightliner tractor and Dragon tanker trailer.
Ms. Bloxham filed this suit in March 2016, individually and on behalf of her minor son. In addition to vicarious liability, Ms. Bloxham alleged that 31 Energy was negligent in hiring Gibbs and in failing to inspect the brakes on its rig. The defendants answered asserting plaintiff fault, and requested a jury trial. The defendants filed a motion for summary judgment on grounds that Ms. Bloxham failed to report this claim as an asset in her pending bankruptcy case, and both sides have engaged in vigorous discovery, but these issues are not currently before the court.
In August 2017, Ms. Bloxham filed the instant motion for partial summary judgment as to Gibbs's liability and her own lack of comparative fault. She cited Louisiana's "following too close" law, La. R.S. 32:81 A, and the presumption of negligence when a following vehicle rear-ends another vehicle, Brewer v. J.B. Hunt Transp. Inc. , 2009-1408 (La. 3/16/10), 35 So.3d 230. She attached Gibbs's deposition, in which he admitted he "ran into the back of this car" and that he was "not blaming anybody but" himself, and the deposition of Gibbs's supervisor, Mike Cummings, who agreed with Gibbs's statement. She argued that the defendants would not be able to allege any facts that would support a showing that she was at fault, La. C. C. P. art. 966 D(1).
The defendants opposed the motion. In support, they cited another portion of Gibbs's deposition: he admitted he would not be able to stop in time to avoid hitting the car in front of him, so he tried to move to the other lane, "and when I swerved over to change lanes it looked like she tried to change too, but I bumped the back of her car." The defendants also cited the incident form Gibbs filled out for 31 Energy: "I swerved to miss her[;] she got in the same lane and I Bumped [her] car[,]" and the official state crash report: "The vehicles in front of him stopped suddenly and he could not stop fast enough to keep from hitting Vehicle # 1." The defendants argued that Ms. Bloxham's attempted lane change and sudden stop rebutted the presumption of Gibbs's negligence, Robinson v. Flowers , 41,798 (La. App. 2 Cir. 1/24/07), 949 So.2d 549. They submitted that this *604 evidence created a genuine issue that she was comparatively negligent, thus precluding summary judgment.
ACTION OF THE DISTRICT COURT
After a hearing on September 25, 2017, the district court granted Ms. Bloxham's motion for partial summary judgment. The court cited R.S. 32:81 and the "bright-line presumption" of the following driver's negligence, Mart v. Hill , 505 So.2d 1120 (La. 1987), found that Gibbs was the rear-following driver who struck the back of Ms. Bloxham's SUV, and accepted Gibbs's admission that he was the sole cause of the accident. The court recognized the exception to R.S. 32:81, but reasoned that if both Ms. Bloxham and Gibbs were changing lanes at the same time, "the tailing vehicle * * * had a duty to watch for any lead vehicles and operate his vehicle safely," which he failed to do. The court concluded that Ms. Bloxham did not create a hazardous or unavoidable situation by changing lanes, and Gibbs failed to operate his rig in a safe and controlled manner so as to avoid the collision.
The defendants applied for a writ, which this court granted for the purpose of perfecting as an appeal.
APPLICABLE LAW
The motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Schultz v. Guoth , 2010-0343 (La. 1/19/11), 57 So.3d 1002 ; Samaha v. Rau , 2007-1726 (La. 2/26/08), 977 So.2d 880. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law, La. C. C. P. art. 966 A(3). The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except certain domestic actions; the procedure is favored and shall be construed to accomplish these ends. La. C. C. P. art. 966 A(2). Although summary judgment procedure is favored, it is not a substitute for trial on the merits. S.J. v. Lafayette Parish Sch. Bd. , 2006-2862 (La. 6/29/07), 959 So.2d 884. The district court cannot make credibility calls on a motion for summary judgment, but must draw those inferences from the undisputed facts which are most favorable to the party opposing the motion. Independent Fire Ins. Co. v. Sunbeam Corp. , 99-2257 (La. 2/29/00), 755 So.2d 226 ; Tatum v. Shroff , 49,518 (La. App. 2 Cir. 11/19/14), 153 So.3d 561.
A fact is material if it "potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute," Hines v. Garrett , 2004-0806 (La. 6/25/04), 876 So.2d 764. Stated another way, a "material fact" is one in which its "existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery," Samaha v. Rau , supra . A "genuine issue" is a triable issue, an issue on which reasonable persons could disagree. Champagne v. Ward , 2003-3211 (La. 1/19/05), 893 So.2d 773.
A grant of summary judgment is reviewed de novo, with the appellate court applying the same criteria that govern the district court's decision to grant or deny, namely, whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Rodgers v. State Farm Mutual Auto. Ins. , 2015-0868 (La. 6/30/15), 168 So.3d 375.
The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having *605 due regard for the speed of such vehicle and the traffic upon and the condition of the highway. La. R.S. 32:81 A; Brewer v. J.B. Hunt Transp. , supra . A presumption of negligence generally arises when a following motorist is involved in a rear-end collision. Mart v. Hill , supra . The following motorist, however, may rebut the presumption by establishing the unpredictable driving of the preceding motorist created a sudden emergency that the following motorist could not have reasonably anticipated. Cheairs v. State , 2003-0680 (La. 12/3/03), 861 So.2d 536. A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety. La. R.S. 32:79 ; Brewer v. J.B. Hunt Transp. , supra . A driver changing lanes may be comparatively at fault if she is rear-ended. Brewer v. J.B. Hunt Transp. , supra ; Mart v. Hill , supra ; Greene v. Lovisa , 16-660 (La. App. 5 Cir. 5/17/17), 221 So.3d 270, writ denied , 2017-1017 (La. 10/9/17), 227 So.3d 837.
DISCUSSION
The defendants urge the district court erred in granting partial summary judgment because (1) the evidence created a genuine issue of material fact as to whether Ms. Bloxham was partly at fault, (2) the court impermissibly made credibility calls and weighed evidence to allocate fault, and (3) the court impermissibly made credibility calls and weighed evidence to make factual findings on the motion for summary judgment. They argue that courts must construe factual inferences in favor of the party opposing the motion, Willis v. Medders , 2000-2507 (La. 12/8/00), 775 So.2d 1049.
Specifically, they argue that comparative fault must be assessed even if a presumption of negligence applies, and several cases have found lead drivers comparatively at fault in rear-end collisions, Matherne v. Lorraine , 2003-2369 (La. App. 1 Cir. 9/17/04), 888 So.2d 244 ; Boggs v. Voss , 31,965 (La. App. 2 Cir. 6/16/99), 741 So.2d 139 ; Graffia v. Louisiana Farm Bureau Ins. Co. , 2008-1480 (La. App. 1 Cir. 2/13/09), 6 So.3d 270 ; Hopstetter v. Nichols , 98-185 (La. App. 5 Cir. 7/28/98), 716 So.2d 458, writ denied , 98-2288 (La. 11/13/98), 731 So.2d 263. They especially urge that a driver changing lanes on a multilane highway owes a duty to determine that she can do so "without endangering normal overtaking or oncoming traffic," Daigle v. Mumphrey , 96-1891 (La. App. 4 Cir. 3/12/97), 691 So.2d 260 ; Anthony v. State Farm Mut. Ins. Co. , 227 So.2d 180, 183 (La. App. 2 Cir. 1969). They submit that Ms. Bloxham "could be" partly responsible for changing lanes just before the accident. They also elaborate that the district court could not evaluate Gibbs's credibility on the motion for summary judgment.
Ms. Bloxham responds that the court exercised "reasonable discretion" in granting partial summary judgment, given Gibbs's admission that he was "not blaming anybody but" himself and Cummings's adoption of it. She contends that it is perfectly appropriate for the trial court to render a partial summary judgment against a rear-ending driver despite that driver's allegation of comparative fault, as in Ebarb v. Matlock , 46,243 (La. App. 2 Cir. 5/18/11), 69 So.3d 516, writ denied , 2011-1272 (La. 9/23/11), 69 So.3d 1164. She urges this court to affirm.
The record clearly shows that Gibbs rear-ended Ms. Bloxham, thus subjecting him to the presumption of negligence under R.S. 32:81 and Mart v. Hill , supra . However, on close review, the summary judgment evidence does not exclude all genuine issues of material fact. The first *606 document is Gibbs's deposition, in which he states, "I was coming up in the lane behind the car and I was going to change lanes, and when I swerved over to change lanes it looked like she tried to change too, but I bumped the back of her car" (emphasis added). Attached to the deposition is Gibbs's incident report, which also states, "I swerved to miss her[;] she got in the same lane and I Bumped [her] car[.]" The only other document describing the incident is the official state crash report, which states, "The vehicles in front of him stopped suddenly and he could not stop fast enough to keep from hitting Vehicle # 1." In light of the leading driver's duty not to change lanes until ascertaining that such movement can be made safely, La. R.S. 32:79, we are constrained to find that these statements create a triable issue as to whether Ms. Bloxham's conduct immediately before the crash constituted comparative fault, if only a small amount.
Ms. Bloxham correctly shows that later in his deposition, Gibbs agreed with plaintiff's counsel that he was "not blaming anybody but" himself, and that Cummings, Gibbs's supervisor, gave a deposition expressly agreeing with this conclusion. However, on the motion for summary judgment, the court is not empowered to make credibility calls or decide between competing versions of events. Independent Fire Ins. Co. v. Sunbeam Corp. , supra ; Tatum v. Shroff , supra . Notably, this is not a case in which the defendant gave an incriminating deposition and, to avert a motion for summary judgment, swore a subsequent affidavit purporting to contradict his deposition. This court and others have held that the defendant cannot manufacture a genuine issue by filing an affidavit that merely contradicts his prior deposition. Row v. Pierremont Plaza LLC , 35,796 (La. App. 2 Cir. 4/3/02), 814 So.2d 124, writ denied , 2002-1262 (La. 8/30/02), 823 So.2d 952 ; McCastle-Getwood v. Professional Cleaning Control , 2014-0993 (La. App. 1 Cir. 1/29/15), 170 So.3d 218 ; Chapital v. Harry Kelleher & Co., Inc. , 2013-1606 (La. App. 4 Cir. 6/4/14), 144 So.3d 75. By contrast, the discrepancy between Gibbs's factual account of the accident and his conclusory view of which party was responsible for it all occur in the same document-the original deposition. The court cannot disregard this under the guise of making a credibility call or exercising discretion. Such is not proper on the motion for summary judgment.
Finally, we would observe that Ebarb v. Matlock , supra , does not mean that summary judgment is appropriate in all rear-end cases. In response to the plaintiff's motion for partial summary judgment, the defendant in Ebarb filed an affidavit stating merely that he "had his vehicle under control, * * * he closely observed the preceding vehicle and * * * followed at a safe distance under the circumstances." We found that these conclusory allegations did not create a genuine issue, and they certainly did not allege specific facts as to plaintiff fault. Ebarb is therefore distinguished from the instant case.
CONCLUSION
For the reasons expressed, the motion for partial summary judgment is reversed and the case is remanded for further proceedings. Costs are to be paid by the plaintiff, Tammy Bloxham.
REVERSED AND REMANDED.