Judgment rendered August 14, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 52,823-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

BETTY LAFFITTE                                    Plaintiff-Appellant

versus

D&J COMMERCIAL                                    Defendants-Appellees
PROPERTIES, LLC & EMC
PROPERTY & CASUALTY
COMPANY

* * * * *

Appealed from the
Second Judicial District Court for the
Parish of Claiborne, Louisiana
Trial Court No. 41,127

Honorable Jenifer Ward Clason, Judge

* * * * *

NICHOLSON LAW FIRM, LLC                          Counsel for Appellant
By: Jeff Nicholson

ROZAS LAW FIRM, LLC
By: Gregg A. Rozas
    Paul J. Tanner

LUNN IRION LAW FIRM LLC                          Counsel for Appellees
By: James A. Mijalis
    W. Orie Hunter, III

* * * * *

Before MOORE, PITMAN, and THOMPSON, JJ.

**MOORE, J.**

Betty Laffitte appeals a summary judgment that dismissed her tort claim arising from a trip-and-fall in a parking lot. For the reasons expressed, we affirm.

## FACTUAL BACKGROUND

On a Friday morning in June 2016, Ms. Laffitte went to the Bill's Dollar Store in Homer, La., riding as a passenger in her sister Debra Plunkett's Dodge Charger. They parked in the handicap space that was closest to the entrance of the store. This space pointed at a 45-degree angle to a grassy median or "island" that was bordered on three sides by a 5-inch standard curb and on the fourth side by a concrete ramp running some 21 inches out into the parking lot. Ms. Laffitte testified that she had been to Bill's about 20 times, but had never used this particular space before.

Ms. Laffitte exited the Charger, crossed the access aisle (the striped space adjacent to every handicap parking space), and, after she got past the island, turned left to walk directly into the front door of Bill's. However, she did not notice that the ramp crossed at that spot. She stumbled on it, falling down and breaking her hip.

## PROCEDURAL HISTORY

Ms. Laffitte filed this suit against D&J Commercial Properties LLC, the owner of the shopping center, and EMC Property & Casualty, its insurer (collectively, "D&J"). She alleged that the curb contained a defective condition that posed an unreasonable risk of harm, and that D&J knew or should have known about this condition but failed to correct it or warn about it.

D&J moved for summary judgment contending that Ms. Laffitte could not prove either defect or knowledge, elements required by La. C.C. art. 2317.1. In support, it attached portions of Ms. Laffitte's deposition. In these, Ms. Laffitte disclosed that she suffered from diabetes, has lost all her right toes and three of her left toes, has no sensation at all in her feet, wears special diabetic shoes, and is authorized to use handicap parking. She testified that when she got out of the Charger, she "walked right by there, thinking * * * it was level. And this right here was not level. It had that incline." She admitted there was nothing to prevent her from seeing the ramp, and she was unaware whether anybody else had ever stumbled on it, but, "It wasn't painted nothing showing no danger [*sic*] right there, the height there."

D&J also attached portions of Ms. Plunkett's deposition, which mostly confirmed her sister's testimony. She asserted that Ms. Laffitte stumbled on a slope "that's not marked in any way."

Finally, D&J attached portions of the deposition of Larry D. Nokes Jr., who had been a tenant of the shopping center since 2005 and its owner (through D&J, his LLC) since 2015. He testified that around 2006, the prior owner had overlaid the parking lot and installed the islands, for aesthetic purposes; the ramp at the end of each island was so tractors could get onto the raised portion and mow the grass. Further, nobody had ever complained to him about the area, and to his knowledge nobody had ever fallen on the ramp.

Ms. Laffitte opposed the motion, arguing generally that every case involving an analysis of unreasonable risk must be determined by its unique facts and circumstances, *Broussard v. State*, 2012-1238 (La. 4/5/13), 113 So.

2

3d 175, and was probably not subject to resolution by summary judgment. She argued the ramp was "unusual," posed a hidden danger, and had existed long enough to charge D&J with knowledge of it. In support, she offered the affidavit of Philip Beard, P.E., a retired civil engineer in Alexandria, Louisiana. He recapitulated the motion for summary judgment and the three depositions; quoted long passages of La. Fire Marshal regulations, showing that these adopted Americans with Disabilities Act ("ADA") accessibility standards in October 2011; and then quoted long passages of ADA Title III, 28 CFR Part 36. He concluded that the parking lot did not comply with ADA because it (1) lacked an accessible route leading from an accessible parking space, (2) had an excessive change in level in an accessible route, and (3) lacked a required accessible route across traffic lanes. In his view, the ramp violated ADA, posed an unreasonable risk of harm, was not open and obvious, and was something D&J should have known about. He attached several black-and-white photos of the lot, and his survey of the handicap space and island where Ms. Laffitte fell.

D&J responded, chiefly arguing that ADA has no bearing on whether a defect existed, *Gauthier v. City of New Iberia*, 2006-341 (La. App. 3 Cir. 9/27/06), 940 So. 2d 915. It also cited this court's recent opinion of *Nugent v. Car Town of Monroe Inc.*, 50,910 (La. App. 2 Cir. 9/28/16), 206 So. 3d 369, as showing the proper analysis under Art. 2317.1 and the conclusion that even a 7½-inch perpendicular drop-off from a front door is not a defect.

## ACTION OF THE DISTRICT COURT

At the hearing, the court asked Ms. Laffitte's lawyer if any case held that the knowledge element of Art. 2317.1 requires a trial, and prohibits the use of summary judgment. Counsel replied that he had none. However,

3

D&J's lawyer offered that summary judgment has indeed been affirmed on the issue, as in *Boutall v. Christakis, PM, Co.*, 17-402 (La. App. 5 Cir. 12/27/17), 236 So. 3d 1268. The court granted summary judgment, stating that with no prior incidents, the plaintiff failed to establish the defendant's knowledge.

## THE APPELLANT'S POSITION

Ms. Laffitte has appealed, raising one assignment of error: the trial court erred in granting summary judgment despite genuine issues of material fact as to whether the ramp presented an unreasonable risk of harm and whether D&J knew or should have known about the defective condition. She concedes that under La. C.C. art. 2317.1, she is required to prove (1) the thing was in the defendant's custody and control, (2) the thing contained a defect which presented an unreasonable risk of harm to others, and (3) the defendant knew or should have known of the defect. She shows that the first element of La. C.C. art. 2317.1, custody and control, is not at issue.

As to the second element, an unreasonable risk of harm, she argues that this finding is fact-based, and contends (without citation of authority) that "the granting of summary judgment is inappropriate." Further, the ramp was "almost impossible to see" and the parking lot had a "hidden elevation change." She cites Mr. Beard's conclusion that the parking lot violated ADA and other applicable building codes, and a statute, La. R.S. 40:1744 ("Nothing in this part shall be construed to relieve any person of his responsibility to comply with the ADA"). She submits that various cases have indeed used ADA standards to determine liability,[1] and urges that the

_____

[1] *Walters v. City of W. Monroe*, 49,502 (La. App. 2 Cir. 2/4/15), 162 So. 3d 419, *writ denied*, 2015-0440 (La. 5/15/15), 170 So. 3d 161; *Cline v. Cheema*, 2011-1029 (La.

4

ADA violation is highly relevant to the inquiry. She further argues that under the risk-utility analysis of *Broussard v. State, supra,* the utility of the ramp was virtually nil; the paramount social value was to provide handicapped persons with safe access to their destinations; and the cost of remedying it was minimal. She contends that all these facts create a genuine issue whether the parking lot contained a defect that posed an unreasonable risk of harm.

As to the third element of an Art. 2317.1 case, knowledge, Ms. Laffitte simply disputes the court's ruling that D&J did not know or have reason to know about this defect. She argues that D&J simply must have known, as it had been a tenant since 2005, watched the construction of the islands in 2006, and had been owner of the lot since 2015. She concedes that Mr. Nokes testified he was aware of no prior falls on the ramp, but urges this is not sufficient to exclude a genuine issue of material fact.[2] She concludes that the summary judgment should be reversed.

## APPLICABLE LAW

The motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Murphy v. Savannah,* 2018-0991 (La. 5/8/19), __ So. 3d __; *Schultz v. Guoth,* 2010-0343 (La. 1/19/11), 57 So. 3d 1002. After an opportunity for adequate discovery, a motion for summary judgment shall be

---

App. 4 Cir. 2/22/12), 85 So. 3d 260, *writ denied,* 2012-0666 (La. 5/4/12), 170 So. 3d 161; *Irsch v. Argonaut Great Central Ins. Co.,* 02-988 (La. App. 5 Cir. 1/28/03), 841 So. 2d 831.

[2] In support, she cites *Calcagno v. Kuebel, Fuchs P'ship,* 01-691 (La. App. 5 Cir. 11/14/01), 802 So. 2d 746, a case in which, *after a full trial on the merits,* the district court found that a 3¼-inch curb leading into a bingo parlor posed an unreasonable risk of harm, even though the owner testified that there had been no trips or falls on the curb in the preceding nine years.

granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3). The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except certain domestic actions; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2). Although summary judgment procedure is favored, it is not a substitute for trial on the merits. *S.J. v. Lafayette Parish Sch. Bd.*, 2006-2862 (La. 6/29/07), 959 So. 2d 884; *Bloxham v. HDI-Gerling America Ins. Co.*, 52,177 (La. App. 2 Cir. 6/27/18), 251 So. 3d 601.

A defendant moving for summary judgment has the burden of pointing out to the court that there is an absence of factual support for one or more elements essential to the plaintiff's claim. Thereafter, if the plaintiff fails to produce factual support to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 D(1); *Gifford v. Arrington*, 2014-2058 (La. 11/26/14), 153 So. 3d 999; *Dean v. State Farm Mutual Auto. Ins. Co.*, 51,243 (La. App. 2 Cir. 4/5/17), 217 So. 3d 611. Mere speculation is not sufficient to create a genuine issue as to an essential element of the plaintiff's case and defeat a properly supported motion for summary judgment. *Gifford v. Arrington*, *supra*; *Mansoor v. Jazz Casino Co.*, 2012-1546 (La. 9/21/12), 98 So. 3d 795; *Brown v. City of Monroe*, 47,396 (La. App. 2 Cir. 8/1/12), 103 So. 3d 486.

A grant of summary judgment is reviewed de novo, with the appellate court applying the same criteria that govern the district court's decision to grant or deny, namely, whether there is any genuine issue of material fact

6

and whether the mover is entitled to judgment as a matter of law. *Murphy v. Savannah*, *supra*.

Liability for injury caused by defective things is regulated by La. C.C. art. 2317.1, which provides, in pertinent part:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. * * *

Thus, to recover damages caused by a defective thing, the plaintiff must prove (1) the thing was in the defendant's custody, (2) the thing contained a defect which presented an unreasonable risk of harm to others, (3) the defective condition caused the damage, and (4) the defendant knew or should have known of the defect. *Perkins v. Air U Shreveport LLC*, 52,093 (La. App. 2 Cir. 5/23/18), 249 So. 3d 187; *Wells v. Town of Delhi*, 51,222 (La. App. 2 Cir. 4/5/17), 216 So. 3d 1095, *writ denied*, 2017-0753 (La. 9/22/17), 227 So. 3d 821. If the plaintiff fails to provide proof of any one of these elements, her claim fails. *Owens v. McIlhenny Co.*, 2018-754 (La. App. 3 Cir. 3/27/19), 269 So. 3d 839; *Scott v. Galleria Oper. Co.*, 17-104 (La. App. 5 Cir. 11/15/17), 230 So. 3d 682, *writ denied*, 2017-2080 (La. 2/9/18), 236 So. 3d 1262.

In considering whether a condition is unreasonably dangerous, the courts apply a risk-utility balancing test, including the following factors: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of the harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of societal utility or whether the activities were dangerous

7

by nature. *Bufkin v. Felipe's La. LLC*, 2014-0288 (La. 10/15/14), 171 So. 3d 851; *Broussard v. State, supra*. Generally speaking, a defendant does not have a duty to protect against that which is obvious and apparent, i.e., an alleged hazard that is open and obvious to everyone who may potentially encounter it. *Bufkin v. Felipe's La., supra; Broussard v. State, supra*. A pedestrian has a duty to see that which should be seen and is bound to observe his course to see if his pathway is clear. *Bufkin v. Felipe's La., supra; Stevens v. City of Shreveport*, 49,437 (La. App. 2 Cir. 11/19/14), 152 So. 3d 1071, *writ denied*, 2015-1097 (La. 4/17/15), 168 So. 3d 399, *cert. denied*, __ U.S. __, 136 S. Ct. 154, 193 L. Ed. 2d 114 (2015).

**DISCUSSION**

The district court's oral ruling focused on the element of notice under Art. 2317.1: "I didn't see any information provided in these motion papers that would indicate to the Court that the landowner in this case, D&J Commercial Property LLC, knew or had reason to know that this was a defect." On de novo review, we find no legal error in this conclusion. The owner, Mr. Nokes, testified that since he first came to the property, in 2005, no one had ever complained about the area, fallen over the ramp, or filed suit about the condition of the parking lot. Ms. Laffitte admitted having no knowledge that anyone else had ever fallen in the area, had a problem with it, or complained about the ramp; her sister, Ms. Plunkett, also had no knowledge of any prior incidents. The expert, Mr. Beard, carefully surveyed the parking lot and analyzed ADA, but he offered no evidence that the defects he perceived had ever posed any problem to anybody. Notably, Ms. Laffitte did not offer affidavits or depositions of current or prior tenants of the shopping center who may have had knowledge of such events. The

8

summary judgment evidence is not sufficient to create a genuine issue as to the essential element of D&J's knowledge.

Contrary to Ms. Laffitte's assertions in the district court, the issue of knowledge under Art. 2317.1 does not automatically preclude or prohibit disposition by summary judgment. This court and others have affirmed summary judgments where the defendants denied any knowledge of prior incidents or complaints and the plaintiffs failed to produce any factual support that would prove such knowledge. *Ladner v. Trinity Group Ltd.*, 45,937 (La. App. 2 Cir. 2/16/11), 57 So. 3d 1197, *writ denied*, 2011-0580 (La. 4/29/11), 62 So. 3d 115; *Nicholson v. Horseshoe Entm't*, 46,081 (La. App. 2 Cir. 3/2/11), 58 So. 3d 565, *writ denied*, 2011-0679 (La. 5/20/11), 63 So. 3d 980; *Owens v. McIlhenny Co.*, *supra*; *Scott v. Galleria Oper. Co.*, *supra*; *Boutall v. Christakis, PM*, *supra*; *Boutin v. Roman Catholic Church of the Diocese of Baton Rouge*, 14-313 (La. App. 5 Cir. 10/29/14), 164 So. 3d 243, *writ denied*, 2014-2495 (La. 2/13/15), 159 So. 3d 469. Such is the case here.

Ms. Laffitte further argues that Mr. Nokes had been a tenant since 2005, watched the construction of the parking lot in 2006, and purchased the shopping center in 2015, giving him sufficient time to be charged with knowledge of the defective condition. However, given that the ramp was entirely open and obvious, and that nobody had ever lodged an actual complaint about it, the court cannot indulge in speculation that Ms. Laffitte might eventually uncover some proof of knowledge or that a factfinder might disbelieve Mr. Nokes. *Gifford v. Arrington*, *supra*; *Mansoor v. Jazz Casino Co.*, *supra*; *Brown v. City of Monroe*, *supra*.

9

We recognize that the expert, Mr. Beard, stated in affidavit that had Mr. Nokes contacted a "licensed architect or engineer who had proper knowledge of [ADA] for providing minimum protection for patron pedestrians," he would have been aware of its noncompliance. However, technical violation of a code does not necessarily make the thing unreasonably dangerous. *Nugent v. Car Town of Monroe*, *supra* (building code); *Primeaux v. Best Western Plus Houma Inn*, 2018-0841 (La. App. 1 Cir. 2/28/19), __ So. 3d __ (ADA); *Gauthier v. City of New Iberia*, *supra* (ADA). Again, with a ramp that was open and obvious, and with no proof of prior incidents or complaints, we find that the minor violation identified by Mr. Beard is not factual support that would prove that D&J knew or should have known that its parking lot was defective. On de novo review, we find no error.

## CONCLUSION

For the reasons expressed, the summary judgment is affirmed. All costs are to be paid by the plaintiff, Betty Laffitte.

**AFFIRMED**.