Judgment rendered July 17, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,712-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

THOMAS DAVID WHEAT                          Plaintiff-Appellant

versus

STATE FARM FIRE AND                         Defendants-Appellees
CASUALTY COMPANY, ET AL

* * * * *

Appealed from the
Third Judicial District Court for the
Parish of Union, Louisiana
Trial Court No. 49,960

Honorable Thomas W. Rogers, Judge

* * * * *

PARKER ALEXANDER, LLC                       Counsel for Appellant
ATTORNEYS AT LAW
By: Chad C. Carter

DAVENPORT, FILES, & KELLY, LLP              Counsel for Appellees
Carey B. Underwood

* * * * *

Before PITMAN, ROBINSON, and ELLENDER, JJ.

**ELLENDER, J.**

Thomas David Wheat appeals a summary judgment that dismissed his personal injury claims against State Farm Fire and Casualty Co. For the reasons expressed, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In early 2020, Wheat, his brother Walter and Walter's girlfriend, Sharon Cordova, rented a house from Randy Aycock on Melcat Drive in Farmerville, close to Lake Darbonne, where they liked to fish. The house had a wood-deck porch spanning the front of the house.

In late August 2020, Hurricane Laura came through Union Parish wreaking widespread damage. A large tree near the house was knocked over and uprooted; apparently, the base or roots of the tree were thrust up, punching a hole in the wood deck. Photos show a hole measuring about $8' \times 8'$, with some jagged timber around the edges. The photos also show a large amount of the tenants' personal property – fishing gear, buckets and pails, a ladder, lawn equipment – strewn haphazardly over the wood deck. According to the petition, about three days after the storm passed, Aycock's agent (who was also his cousin) came to the property and asked Wheat to remove his items from the porch so Aycock could fix the hole caused by the fallen tree.

The next day, Wheat attempted to clean up the porch. However, according to the petition, while trying to clear some debris adjacent to the uprooted tree he slipped backward and fell, striking the back of his head on the ground. He allegedly sustained serious injuries.

In August 2021, Wheat filed suit against Aycock, his unnamed agent, and his insurer, State Farm. He alleged that the "debris area and area

adjacent to the uprooted tree" constituted a defective condition; the defendants knew or should have known of this, had an opportunity to remedy or warn the plaintiff of the danger, but failed to do so. He further alleged that he was "attentive and aware of his surroundings" and did not contribute to the accident in any way. Finally, he alleged that State Farm insured the property. The record does not show that service was ever made on Aycock or his agent.

State Farm answered admitting coverage and policy limits but asserted that any alleged defective condition was open and obvious, and clearly known to the plaintiff. After conducting discovery, State Farm moved for summary judgment asserting that Wheat provided no evidence to show the hole was unreasonably dangerous or that the defendants had any duty to warn him of a danger of which he was perfectly aware. In support, State Farm filed Ms. Cordova's affidavit setting out the facts described above. It also filed her deposition, which added certain details: the agent told them he was "ready to cut the tree" and "we needed to get all the stuff * * * away from where the tree is"; Wheat "expressed reservations," but the agent told him it was the tenants' responsibility to clear their personal property so the tree could be removed; the next day, Wheat tried to dislodge the lawnmower from the jagged timbers, "trying to pull on it and push on it at the same time"; she did not actually see the accident, but she heard the commotion and, when she came to help, she found Wheat down in the hole; he told her he "hit his head right along that board * * * at the edge."

Wheat opposed the motion. He offered no evidence in support, but argued that the owner owed the sole duty to keep his property free from defects, and the fact that a condition may be open and obvious does not

2

obviate that duty; it required a balancing test that was unsuitable for summary judgment disposition. State Farm countered that based on the photos, the hole was so open and obvious that it negated the likelihood and magnitude of harm, thereby making the condition not unreasonably dangerous.

After a hearing in December 2022, the district court held that the landlord did not create the condition but was, in fact, trying to get it repaired; it was reasonable for the landlord to tell the tenants to get their stuff off the porch so he could fix it. Specifically citing the reasons in State Farm's memorandum, the court granted summary judgment dismissing Wheat's claims. Wheat has appealed.

## APPLICABLE LAW

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. La. C.C.P. art. 966 (B)(2); *King v. Town of Clarks*, 21-01897 (La. 2/22/22), 345 So. 3d 422. As such, the motion should be granted only if the motion, memorandum, and supporting documents show that there is no genuine issue as to any material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 (A)(3). A genuine issue is one about which reasonable persons could disagree. *Id*. Appellate review of summary judgments is de novo, using the same criteria that informed the lower court's decision to grant or deny summary judgment. *Landry v. Progressive Sec. Ins. Co.*, 21-00621 (La. 1/28/22), 347 So. 3d 712.

The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or

3

defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. La. C.C. art. 2317.1. To recover for damages caused by a defective thing, the plaintiff must prove (1) the thing was in the defendant's custody, (2) the thing contained a defect which presented an unreasonable risk of harm to others, (3) the defective thing caused the damage, and (4) the defendant knew or should have known of the defect. *Perkins v. Air U Shreveport LLC*, 52,093 (La. App. 2 Cir. 5/23/18), 249 So. 3d 187, and citations therein. The mere fact that an accident occurred because of some vice or defect does not elevate the condition of the thing to that of an unreasonably dangerous defect. *Lasyone v. Kansas City S. R.R.*, 00-2628 (La. 4/3/01), 786 So. 2d 682; *Nugent v. Car Town of Monroe Inc.*, 50,910 (La. App. 2 Cir. 9/28/16), 206 So. 3d 369.

A "defect" in a thing, for which one having custody of the thing may be liable for the damages caused, is a condition or imperfection that poses an unreasonable risk of injury to persons exercising ordinary care and prudence. *Freeman v. W. Carroll Parish Police Jury*, 54,750 (La. App. 2 Cir. 9/21/22), 349 So. 3d 637, *writ denied*, 22-01583 (La. 12/20/22), 352 So. 3d 83, and citations therein. To determine whether liability exists under Art. 2317.1, courts use a duty-risk analysis, under which the plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element), (2) the defendant's conduct failed to conform to the appropriate standard (the breach element), (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element), (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element), and (5) proof of actual

4

damages (the damages element). *Farrell v. Circle K Stores Inc.*, 22-00849 (La. 3/17/23), 359 So. 3d 467, and citations therein. Failure to prove any one of these elements by a preponderance of the evidence is fatal to the plaintiff's claim. *Id.*; *Magee v. IASIS Glenwood Reg'l Med. Ctr.*, 55,157 (La. App. 2 Cir. 8/9/23), 368 So. 3d 1222.

As an aid to analyzing the breach element, the Supreme Court has synthesized a risk-utility balancing test utilizing four pertinent factors: (1) the utility of the complained-of condition, (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition, (3) the cost of preventing the harm, and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature. *Farrell v. Circle K*, *supra*. Although the court labeled this balancing test both a question of fact and a mixed question of law and fact, the court granted summary judgment on a finding that the alleged condition was so open and obvious that no reasonable juror could have found the defendant in breach of duty. *Id.* Hence, the breach element may be resolved on motion for summary judgment. *Id.*; *Lambert v. Zurich Amer. Ins. Co.*, 55,064 (La. App. 2 Cir. 6/28/23), 366 So. 3d 1285.

**DISCUSSION**

Wheat has raised three assignments of error, the first of which may be summarily dismissed. He contends the court erred in failing to find the defendants liable for his damages "under the theory of strict liability." As this court and others have stated, since the 1996 enactment of Art. 2317.1, Louisiana law no longer recognizes strict liability based solely on ownership. *Lasyone v. Kansas City S. R.R.*, *supra*; *Hagood v. Brakefield*, 35,570 (La. App. 2 Cir. 1/23/02), 805 So. 2d 1230, *writ denied*, 02-0557 (La.

4/26/02), 815 So. 2d 90, and citations therein; *Cosey on Behalf of Hilliard v. Flight Acad. of New Orleans LLC*, 19-0785 (La. App. 4 Cir. 11/12/20), 365 So. 3d 76. The reliance on strict liability is without merit.

By his second and third assignments, he urges the court erred in failing to find that the hurricane debris was a defective condition that created an unreasonable risk of harm and in failing to find that Aycock breached his duty to keep his property in a reasonably safe condition by failing to remove the piled-up hurricane debris prior to plaintiff's accident. These arguments present the issue of premises liability under Art. 2317.1 and the risk-utility balancing test summarized in *Farrell v. Circle K*, *supra*.

The threshold question is whether, under the premises liability of Art. 2317.1, State Farm is entitled to judgment as a matter of law. There is no genuine issue of material fact that the defendants had custody of the wood deck, the wood deck contained a defect of some kind, the defect caused the damage, and the defendants knew of the defect. Obviously, the defect was not the result of the defendants' negligence, but of Hurricane Laura, an extraordinary weather event. The devastation and dislocation caused by a major hurricane must inform any analysis of landowners' repair efforts. Nevertheless, we have considered whether the hole posed an unreasonable risk of harm to persons exercising ordinary care and prudence. *Freeman v. W. Carroll Police Jury*, *supra*. On de novo review, we have applied the risk-utility balancing test of *Farrell v. Circle K*, *supra*.

The utility of the complained-of condition: The 8′ × 8′ hole has no social or economic utility, but it was not intended or present by design. It was the result of Hurricane Laura. There is no showing that any quality of the rental house or its wood deck, or any negligence of its owners, caused or

contributed to the formation of the hole. While there is no utility, this court cannot find any Art. 2317.1 fault on the part of the owners.

The likelihood and magnitude of the harm, including the obviousness and apparentness of the condition: This is explicitly where the Supreme Court applied the "open and obvious" doctrine. If the alleged defect is the 8′ × 8′ hole in the wood deck on the front porch, and the dislodged boards around its edges, it is impossible to imagine anything more open and obvious. The potential harm of falling into the hole and hitting such a board is intuitive. If the alleged defect is the assortment of personal effects thrown haphazardly onto the deck, this is also obvious by cursory observation; however, the debris appears to pose no threat of harm. Wheat strongly argues that when Aycock's agent ordered him to clean up the property so a tree crew could remove the fallen tree, this amounted to fault on the defendants' part. He even contends that Aycock should have hired "qualified professionals" to remove tenants' property from the undamaged portions of the deck. However, he cites no authority for this claim; the duty lies with the tenant to return the thing "in a condition that is the same as when the thing was delivered to him," La. C.C. art. 2683 (3), not for the lessor to clean the property during the duration of the lease. The crucial point is that in the aftermath of a devastating hurricane, the hole posed a great likelihood and magnitude of harm, but the condition was exceptionally obvious and apparent.

Cost of preventing the harm: The record contains no evidence of the cost of preventing a tree from being toppled by a hurricane.

Nature of the plaintiff's activities in terms of social utility or whether they were dangerous by nature: Wheat's effort to salvage his own personal

7

property from the front porch before repairs were made has obvious social utility; however, the procedure does not appear dangerous by nature. This does not weigh heavily as a consideration in assessing the unreasonably dangerous condition.

On de novo application of the elements of the risk-utility balancing test required by *Farrell v. Circle K*, *supra*, we find the allegedly hazardous condition was not an unreasonably dangerous condition. State Farm satisfied its initial burden of pointing out the absence of factual support for the breach element of Wheat's Art. 2317.1 claim and Wheat offered no evidence to support this element. In short, State Farm pointed out the absence of factual support for an element essential to Wheat's claim. We also find that, under Art. 2317.1, State Farm is entitled to judgment as a matter of law. These assignments of error lack merit.

## CONCLUSION

For the reasons expressed, the judgment is affirmed. Thomas David Wheat is to pay all costs.

**AFFIRMED**.